## CASTLEBERRY v. FROST–JOHNSON LUMBER CO. OF TEXAS. (No. 1156.)*

(Court of Civil Appeals of Texas. Beaumont. Dec. 20, 1925. Rehearing Denied Jan. 14, 1925.)

1. **Master and servant** ⊙=348—Employé's common-law action for exemplary damages abrogated only by statute.

Injured employé's action at common law for exemplary damages can be abrogated only by express legislation or by necessary implication.

2. **Master and servant** ⊙=351—Right of injured employé to exemplary damages held abrogated by Compensation Act; "damages for personal injuries."

Injured employé's common-law action against employer for exemplary damages sounding in gross negligence held abrogated by Workmen's Compensation Act, part 1, §§ 3, 3a, 5 (Acts 1917, c. 103, Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—3, 5246—4, 5246—7); "damages for personal injuries," as used in section 7, including both actual and exemplary damages, in view of exception therefrom of exemplary damages, where employé's death was brought about by employer's gross negligence.

3. **Master and servant** ⊙=348—Legislature by excepting one class of litigants from Workmen's Compensation Act intended to include all others.

Where Legislature, in enacting Workmen's Compensation Act, part 1, § 5 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—7), excepted one class of litigants, it was legislative intent to include all others; maxim expressio unius est exclusio alterius applying.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Action by J. S. Castleberry against the Frost-Johnson Lumber Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

Seale & Denman, of Nacogdoches, and A. D. Lipscomb, of Beaumont, for appellant.

S. W. Blount, of Nacogdoches, and Baker, Botts, Parker & Garwood, of Houston, for appellee.

WALKER, J. Appellee was a subscriber under our Workmen's Compensation Act. (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91). Appellant was one of its employés, and, while engaged in the discharge of his duties to appellee, received painful and severe injuries in the course of his employment, resulting in the loss of his foot. In due course of administration he was awarded compensation. He instituted this suit against his employer on allegations of gross negligence to recover exemplary damages. The trial court sustained a general demurrer to his petition. As in our judgment the petition stated a cause of action at common law, it was not subject to a general demurrer on the insufficiency of its allegations. Therefore we pretermit a review of the petition and of appellee's counter propositions on its construction.

This leaves in the case only one question: Does our Workmen's Compensation Act abrogate an injured employé's common-law action against his employer for exemplary damages sounding in gross negligence? Both parties assert that this is a question of first impression under our act. Appellant must look to the act of 1917 (chapter 103) for his recovery. Articles 5246—3, 5246—4, and 5246—7, are as follows:

(3) "The employés of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased em-

ployés shall have no right of action against such subscribing employer for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for; provided that all compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other ·suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except ás otherwise herein provided, and any attempt to assign the same shall be void.

(4) "An employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right or if the contract of hire was made before the employer became a subscriber, if ·the employé shall not have given the said notice within five (5) days of notice of such subscription. An employé who has given notice to his employer that he claimed his right of action at common law or under any statute may thereafter waive such claim by notice in writing, which shall take effect five (5) days after its delivery to his employer or his agent: Provided further, that any employé of a subscriber who has not waived his right of action at common law or under any statute to recover damages for injury sustained in the course of his employment, as above provided in this section, shall, as well as his legal beneficiaries and representatives have his or their cause of action for such injuries as now exist by the common law and statutes of this state, which action shall be subject to all defenses under the common law and statutes of this state."

(7) "Nothing in this act shall be taken or held ·to prohibit the recovery of exemplary damages by the surviving husband, wife, heirs of his or her body, or such of them as there may be of any deceased employé whose death is occasioned by homicide from the willful act or omission or gross negligence of any person, firm or corporation from the employer of such employé at the time of the injury causing the death of the latter. Provided, that in any suit so brought for exemplary damages the trial shall be de novo, and no presumption shall exist that any award, ruling or finding of the Industrial Accident Board was correct; and in such suit brought by the employé or his legal heirs or representatives against such association or employer, such award, ruling or finding shall neither be pleaded nor introduced in evidence."

Opinion.

[1, 2] An injured employé has an action at common law for exemplary damages, and we agree with appellant that this right can be abrogated only by express legislation or by necessary implication. The act declares that the employé shall "have no right of action against the employer for personal injuries" and "an employé of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injuries sus-

tained in ·the course of his employment." Appellant's action was for personal injuries, and was at common law. It would appear that the language we have quoted constitutes a direct legislative bar to his recovery. Conceding the effect of the language, appellant asserts that this legislation was directed against actual damages only, and that it was not the legislative intent to bar a recovery for exemplary damages. "No right of action" and "right of action at common law" are terms broad enough to cover every element of recovery growing out of a personal injury. But in what sense did the Legislature use the words "damages for personal injuries?" It has been held by the Supreme Court of Nevada:

" 'Damages (are) the indemnity recoverable by a person who has sustained an injury. * * * The sum claimed as such indemnity by a plaintiff in his declaration'; and the term includes not only 'compensatory,' but also 'exemplary' or 'punitive' or 'vindictive' and 'double or treble damages.' Bouvier's Law Dictionary, word 'damages.' * * * There can be no doubt, therefore, that the term 'damages' includes the whole amount to be adjudged. * *. * It may be added that the technical, is quite in accord with the popular, meaning of the term." Fitchett v. Henley, 31 Nev. 326, 102 P. 865, 104 P. 1060.

[3] If the definition quoted is the correct meaning of the term "damages," then we must hold that the Legislature used it in that sense, intending to bar all actions against the employer by his employés, unless it clearly appears that it was used in· a different sense. Under article 5246—7, as quoted supra, it appears beyond doubt that damages, both actual and exemplary, were included in the scope of the legislation, because we find in article 5246—7 the Legislature referring to exemplary damages, excepting from its provisions exemplary damages where the death of the employé is brought about by the gross negligence of the employer. Robertson v. Magnolia Petroleum Co. (Tex. Civ. App.) 255 S. W. 223. We must conclude, then, that the word in its broadest application was being considered by the Legislature, and was so used by them, and that in excepting one class of litigants from its provisions it was the legislative intent to include all others. The maxim expressio unius est exclusio alterius has application.

In our judgment, this conclusion would be irresistible except for the concluding clause of article 5246—7, where it is declared:

"And in· such suit brought by the employé or his legal heirs or representatives against such association or employer, such award, ruling or finding shall neither be pleaded nor introduced in evidence."

By using the term "such suit brought by the employé," appellant asserts that the Legislature construed its own act and expressly recognized that the injured employé

has an action for exemplary damages. One text-writer has adopted appellant's construction of the act:

"Now, just in what cases, and in whose favor, actions may be brought for exemplary damages, the act seems somewhat ambiguous. It will be noted that it provides that the action exists in favor of certain beneficiaries in case of personal injuries resulting in death; but there appears to be no express intention to limit the action to death claims only; and inasmuch as the provision goes on to say that; and in any such suit brought by the employé, his legal heirs, or representatives, that such award shall not be pleaded, etc., appears to be a clear indication that there was no intention to limit such actions to death claims only, but is merely a preservation by way of caution of the rights of beneficiaries to recover exemplary damages and that the injured employé may so recover as a matter of right. And certainly this conclusion must be the reasonable one, in view of the fact that to hold otherwise would license gross and wanton negligence on the part of a selfish or irresponsible employer, or even permit him to inflict willful injuries upon the employé, which, though serious, might not result in death. and the only recourse the injured employé would have in such a case would be to accept compensation under the act, which for most purposes is meager and inadequate." Huson's Gammell's Edition of the Workmen's Compensation Law of Texas, p. 143.

For the reasons already stated, we think that Mr. Huson is in error in saying that there was "no express intention to limit the action to death claims only," and that the clause quoted "is merely a preservation by way of caution of the rights of beneficiaries to recover exemplary damages, and that the injured employé may so recover as a matter of right." The rights of beneficiaries were safeguarded by the Constitution. The employés were not so protected, and the fact that they were not included together with the beneficiaries in the proviso of article 5246—7, supra, must be given great weight in the proper construction of the act. We do not think that the "suit" referred to in the clause under discussion relates to a suit for exemplary damages, notwithstanding the use of the word "such." The "suit" is one that can be brought by the employé against the "association or employer." It is not suggested by appellant, and Mr. Huson does not so maintain in his argument, supra, that a suit for exemplary damages would lie against the association for any act of the employer. The procedure specially regulating actions for exemplary damages by the beneficiaries in death cases is set forth immediately preceding this clause, which we think is an additional reason for holding that it was not the intention of the Legislature to authorize an action for exemplary damages against the association, and, unless such an action can be maintained, then this clause has no reference to actions by an injured employé

for exemplary damages. Should we hold that the word "association" was inadvertently inserted in this clause, and its inclusion should not therefore control the construction to be given the act? There is nothing in the act compelling us to rewrite this section and eliminate one of the parties against whom the employé has an action, especially so since there is a reasonable construction of this section which gives it effect as written. If Mr. Huson is right in saying that "the act seems somewhat ambiguous," the ambiguity does not relate to the action now under discussion, for, as we have said, naming the association in this clause makes it unreasonable to refer "such suit" to an action for exemplary damages. Another convincing reason to our minds is that this clause does not purport to give, nor to take from, the injured employé any substantive right. Apart from this clause, it must be that an action for exemplary damages against his employer was barred. This clause seeks only to regulate some right of action given him by other provisions of the act. If it is the regulation of a right given or recognized, and it is, and if the right of action for exemplary damages is otherwise barred, and it is, then it follows that this clause has no reference to an action for exemplary damages which is affirmatively excluded by the provisions of the act, and therefore not subject to regulation.

Believing that the injured employé's common-law action for exemplary damages is barred by the provisions of our Workmen's Compensation Act, the judgment of the trial court sustaining appellee's general demurrer to appellant's petition is in all things affirmed.