## SCOTT v. THOMPSON & FORD LUMBER CO.  (No. 1462.) *

(Court of Civil Appeals of Texas.  Beaumont. Feb. 5, 1927.  Rehearing Denied Feb. 16, 1927.)

1. Master and servant ⟞358—Posting notice of compensation insurance held sufficient notice to employés already employed or about to be employed (Workmen's Compensation Act, pt. 3, §§ 19, 20 [Vernon's Ann. Civ. St. 1925, art. 8308]).

Posting of notice by employer that compensation insurance had been provided, and posting of new form of notice as prescribed by Workmen's Compensation Act, pt. 3, §§ 19, 20 (Vernon's Ann. Civ. St. 1925, art. 8308), held full compliance with act, and sufficient notice to all employés, whether already employed, or just entering, or about to enter, into contract of employment.

---

⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 13, 1927.

**2. Master and servant ⬤⇒358—Minor able to read release returned signed held to have personal notice of employer's compensation insurance.**

Where plaintiff, at time of applying for employment, was personally given blank form of minor's release, containing acknowledgment of receipt in writing of notice that employer had provided compensation insurance, which was returned signed, plaintiff, who could read, was thereby personally notified that compensation insurance was provided.

**3. Master and servant ⬤⇒358—That third party mailed notice of 'employer's becoming subscriber to Workmen's Compensation Act is immaterial in determining compliance with act (Workmen's Compensation Act, pt. 3, § 18a [Vernon's Ann. Civ. St. 1925, art. 8308]).**

In determining whether employer has complied with Workmen's Compensation Act, pt. 3, § 18a (Vernon's Ann. Civ. St. 1925, art. 8308), requiring employer to immediately notify Industrial Accident Board that he has become subscriber, it is immaterial that notice executed by employer was mailed to board by third party.

**4. Master and servant ⬤⇒358—Employer becoming subscriber to Workmen's Compensation Act does not become nonsubscriber by failure to immediately notify board (Workmen's Compensation Act, pt. 3, § 18a [Vernon's Ann. Civ. St. 1925, art. 8308]).**

Under Workmen's Compensation Act, pt. 3, § 18a (Vernon's Ann. Civ. St. 1925, art. 8308), requiring employer to immediately notify Industrial Accident Board that he has become subscriber, failure to give required notice at once does not avoid policy of compensation insurance, or render employer nonsubscriber.

**5. Master and servant ⬤⇒358—Employer's failure to make report to Industrial Accident Board cannot be complained of by employé (Workmen's Compensation Act, pt. 3, 18a [Vernon's Ann. Civ. St. 1925, art. 8308]).**

Penalty imposed on employer in nature of fine for willful failure or refusal to make report to Industrial Accident Board, required under Workmen's Compensation Act, pt. 3, § 18a (Vernon's Ann. Civ. St. 1925, art. 8308), is for benefit of state, and cannot be complained of by employé.

**6. Master and servant ⬤⇒358—Time of employer's notice of becoming subscriber to Compensation Act is immaterial as affecting status as subscriber or liability of insurer (Workmen's Compensation Act, pt. 3, § 18a [Vernon's Ann. Civ. St. 1925, art. 8308]).**

As affecting status of employer as subscriber to Workmen's Compensation Law or liability of insurer under law, it was not material when employer notified Industrial Accident Board of its becoming subscriber, as required by Workmen's Compensation Act, pt. 3, § 18a (Vernon's Ann. Civ. St. 1925, art. 8308).

**7. Master and servant ⬤⇒366—Employment of minor over 15 years old is not wrongful.**

In absence of penal statues against employing minor over 15 years of age, employment of such minor was not as matter of law wrongful.

**8. Master and servant ⬤⇒366—Minor over 15 years old is within Workmen's Compensation Act (Workmen's Compensation Act, pt. 1, §§ 3, 12i, 13 [Vernon's Ann. Civ. St. 1925, art. 8306]).**

Workmen's Compensation Act, pt. 1, §§ 3, 12i, 13 (Vernon's Ann. Civ. St. 1925, art. 8306), providing for protection of minors and determination of their weekly wages, contemplated employment of minors and did not make it wrongful as matter of law to employ minor over 15 years of age.

Appeal from District Court, Liberty County; Thos. B. Coe, Judge.

Action by Earl Scott by his father C. C. Scott, as next friend, against the Thompson & Ford Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

E. B. Pickett, Jr., and C. H. Cain, both of Liberty, for appellant.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellee.

O'QUINN, J. Earl Scott, being a minor, by his father, C. C. Scott, as next friend, brought this suit against appellee to recover damages because of injuries received while working for appellee on September 1, 1923, the petition alleging that the injuries were proximately caused by negligence on the part of appellee.

Appellee answered by general denial, and specially pleaded that appellant should not recover because appellee was entitled to protection under the Workman's Compensation Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), and that at the time of the injury it had insurance with the Lumberman's Reciprocal Association, and pleaded notice of such insurance to the Industrial Accident Board and to appellant, and that it had fully complied with all the requirements of the law.

The case was tried before the court with the aid of a jury, but at the conclusion of the evidence the court instructed a verdict for appellee, and judgment was accordingly rendered. Motion for a new trial was overruled. The case is before us on appeal.

The action of the court in instructing a verdict for appellee involves the finding that the undisputed proof showed that appellee was a subscriber under the Workman's Compensation Act at the time appellant received his injury, and entitled to the protection of said act, and, therefore, appellant was not entitled to recover by his common-law action.

By three assignments of error, appellant attacks this finding, and asserts:

(1) That appellee, Thompson & Ford Lumber Company, failed to comply with the requirements of the Workman's Compensation Act, in that it failed to give appellant notice that it was a subscriber under the terms of

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

said act. Appellee was a corporation doing a lumber manufacturing business at Grayburg, Tex., with a log camp or front at a place called "Mary C." It took out a policy of insurance under the Workman's Compensation Act, November 20, 1920, which became effective at midnight November 30, 1920. It is not questioned but that said policy was kept in force at all times since. Appellant was employed by appellee on January 18, 1922. An indorsement on the policy shows that it was issued under and in accordance with the Workman's Compensation Act of 1913 (Laws 1913, c. 179), as amended by the Act of March 28, 1917 (Laws 1917, c. 103). It appears that, upon the taking out of the policy of insurance, notice to employés in the form prescribed by the Industrial Accident Board was posted at different places about appellee's premises—at the office, sawmill, the planing mill, office window at Mary C., and in the caboose in which the men rode to and from work—and that these notices were kept posted until the new form of notice was prescribed and furnished, and that on April 15, 1922, that form of notice was posted up and kept in the same places for the same purpose of giving notice to the employés that compensation insurance was provided by appellee. Appellant's insistence is that, when the policy of insurance was taken out and became effective November 30, 1920, and the first notices posted, appellant was not an employé, and hence section 19, part 3, of the act (Vernon's Ann. Civ. St. 1925, art. 8308) providing that "every subscriber shall, as soon as he secures a policy, give notice in writing or print, or in such manner or way as may be directed or approved to the board, to all persons under contract of hire with him that he has provided for payment of compensation" did not apply, but that section 20 of said act, providing that "every subscriber shall, after receiving a policy, give notice in writing or print, or in such manner or way as may be directed or (approved) by the board to all persons with whom he is about to enter into a contract of hire that he has provided for payment of compensation for injuries," was applicable, and that no notice in compliance with this provision of the law was posted until April 15, 1922; appellant having entered into employment with appellee on January 18, 1922, which was before the posting of the notices.

[1] We do not think this contention can be sustained. Appellee, upon taking out the policy, posted the notice then required under the law of 1913, as amended by the Act of 1917, and kept same posted until the new form of notice was prescribed by the board, and then posted the new form of notice, and kept the same posted as required by law. If this was not a literal compliance with the law as to notice, it was at least a substantial compliance. We think the posting should be held a full compliance. The notice was there in the manner and in the form required, actually existing every day, and it is thought that it was daily notice to any and all of the employés, whether already in the employ of appellee or just entering into, or about to enter into, a contract of employment.

[2] Moreover, we think appellant had actual personal notice of the fact that appellee had insurance protecting its employés. It is shown that, at the time appellant applied for work, he was told that he must secure a minor's release before he could be given work. A blank form of release was given appellant to carry home to be signed by his father, which he took, and later returned duly signed, and was then put to work. True, he and his father testified that they did not sign the release, but same bore the signature of both himself and his father, and they both admit that it was given to appellant by appellee, and that it was returned by appellant to appellee. This blank release contained printed thereon an acknowledgment of the receipt in writing of notice that appellee had provided compensation insurance for the protection of its employés. It is shown that appellant could read and write, and, the notice having been delivered to him in person, we hold that such was actual personal notice to him of the fact that his employer had provided compensation insurance for the protection of its employés.

[3-6] (2) Appellant's second contention is that appellee failed to comply with the requirements of the Workman's Compensation Act in respect to giving notice to the Industrial Accident Board that it had become a subscriber under the terms of said act. This contention is based upon section 18a, part 3, of the Workman's Compensation Act (article 8308), which provides that "whenever any employer of labor in this state becomes a subscriber to this law, he shall immediately notify the board of such fact," etc.; and that, as the policy was issued and became effective on November 30, 1920, and notice to the board of its becoming a subscriber was not given until June 12, 1923, it was not effective because not immediately given within contemplation of said law. In fact, as we understand it, appellant insists that no notice at all was given by appellee to the board of its becoming a subscriber, because the notice executed by it was not mailed to the board by appellee, but was mailed by its insurer, the Lumberman's Reciprocal Association. That the notice duly executed by appellee was mailed to and received by the board is not disputed, and the fact that it was mailed by another party is of no moment. As to the effect of not giving immediate notice to the board, there is no provision in the law making the failure to immediately, that is, at once, give the required notice to the board, have the effect of voiding the policy, or rendering appellee a nonsubscriber. It is true

that the law visits penalty in the nature of a fine upon the subscriber for a willful failing or refusing to make such report, but this is for the benefit of the state, and the state made no complaint, and appellant has no right to do so. Furthermore, so far as affecting the status of appellee as a subscriber under the Compensation Law, or the liability of the insurer under the law, we think it was immaterial when appellee notified the board of its becoming a subscriber. Southwestern Surety Insurance Co. v. Curtis (Tex. Civ. App.) 290 S. W. 1162. The statute, section 18a, part 3, provides that, "whenever any employer of labor in this state becomes a subscriber to this law," he shall immediately notify the board. So he is already a subscriber when the notice is to be given, and surely, without the law expressly so provided, a failure to immediately give the required notice would not render him a nonsubscriber, and deprive him of the protection of the law. It is not so written in the law, and it cannot be so held.

(3) Appellant says that, to employ a minor without the consent of his parents, is wrongful, and, appellant being a minor only 15 years of age at the time he was employed, and still a minor under 17 years of age when injured, and appellee having employed him without the consent of his father, such employment was wrongful, and appellee is not entitled to protection under the Workman's Compensation Act, but that appellant has the right to prosecute his common-law action for damages for the injuries suffered as the result of appellee's negligence.

[7, 8] The record shows that appellant was born December 9, 1906, and that he was employed by appellee on January 18, 1922. Hence he was more than 15 years of age at the time of his employment. He received his injuries September 1, 1923, and so was not quite 17 at that date. Appellant's father knew he was working for appellee, and the kind of work that he was doing—saw him while he was at work—knew this for more than a year. He took no steps to stop appellant from working, but permitted him to work on, and received and used the money that appellant earned. There is no penal statute in this state against employing a minor over 15 years of age to engage in performing the labor for which appellant was employed, and so, as a matter of law, the employment of appellant by appellee cannot be said to be wrongful. There is no inhibition in the Workman's Compensation Act against the employment of minors, but, to the contrary, said law recognized and anticipated that minors might and would be employed, and contains provisions protecting them in their rights under the law, in that his guardian or next friend can claim and exercise such rights for him, and in certain circumstances payment of compensation may be made direct to the minor (section 13, part 1, article 8306), and authorizing the considering of certain facts in arriving at the average weekly wages of minors (section 12i, part 1, article 8306). Article 8306, § 3, part 1, provides that—

"The employés of a subscriber and the parents of minor employés shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, and the representatives and beneficiaries of deceased employés shall have no right of action against such subscribing employer or his agent, servant or employé for damages for injuries resulting in death, but such employés and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for."

It thus plainly appears that the Legislature, in enacting the law, contemplated that minors would be employed, and made provisions for their protection.

The court did not err in directing a verdict for appellee, and therefore the judgment is affirmed.