**Robert E. WOODY, Plaintiff,**

v.

**UNION EQUITY CO-OPERATIVE EX-CHANGE, a Corporation, Defendant,**

**National Painting Corporation, Third Party Defendant,**

**State Insurance Fund, Compensation Ins. Carrier.**

**Civ. No. 5998.**

United States District Court
W. D. Oklahoma.
June 15, 1954.

218

Patrick H. Slattery, Kansas City, Mo., and Howard K. Berry, Oklahoma City, Okl., for plaintiff.

Cheek, Cheek & Cheek, Mont R. Powell and William R. Saied, Oklahoma City, Okl., Rope, Shanberg & Rope, Kansas City, Mo., and Merson Campbell, Oklahoma City, Okl., for defendants.

CHANDLER, Chief Judge.

The plaintiff, a resident of Missouri, brought this action to recover damages for personal injuries due to the alleged negligence of the defendant, an Oklahoma corporation.

The undisputed facts disclose that the defendant, Union Equity Co-Operative Exchange, on March 23, 1953, entered into a contract with the National Painting Corporation for the painting and waterproofing of its grain elevator. The plaintiff, Robert E. Woody, was one of the employees of the National Painting Corporation and on July 15, 1953, was engaged in the course of his employment in the performance of the work to be done upon Union Equity's elevator. While so engaged he suffered an accidental injury while riding upon Union Equity's man-

lift, a revolving composition belt with foot platforms used to enable employees to ascend and descend from one floor to another.

In its contract Union Equity required National Painting Corporation to secure the payment of compensation benefits which might accrue to a workman employed by National Painting Corporation who suffered an accidental injury arising out of and in the course of employment by procuring and keeping in force a Workmen's Compensation insurance policy by an approved insurer. On the day in question, National Painting Corporation had such Workmen's Compensation insurance policy in force and effect.

This Court, therefore, concludes that it lacks jurisdiction of this case and the action should be dismissed. The subject matter and the parties fall squarely within the provisions of the Oklahoma Workmen's Compensation Act, Title 85 O.S.A. Union Equity with whom National Painting Corporation held its painting contract was a principal employer within the meaning of Section 11, subd. 2, of Title 85 O.S.A. Since Union Equity was a principal employer, under the Oklahoma decisions it cannot be subject to suit at common law by an employee of an independent contractor, which was the status of Woody, the plaintiff herein. Mid-Continent Pipe Line Co. v. Wilkerson, 1948, 200 Okl. 335, 193 P.2d 586; Deep Rock Oil Corporation v. Howell, 1948, 200 Okl. 675, 204 P.2d 282; Jordon v. Champlin Refining Co., 1948, 200 Okl. 604, 198 P.2d 408.

Under such circumstances, Union Equity's only liability would be that fixed by the Act in the event it failed to require the independent contractor to carry compensation insurance for the protection of its employees. I think Woody's only remedy is before the State Industrial Commission.