TROTTER, ADMINISTRATRIX *v.* OZARKS RURAL ELECTRIC
COOPERATIVE CORP.

5-972                                             294 S. W. 2d 498

Opinion delivered October 1, 1956.

[Rehearing denied November 5, 1956.]

*Hardin, Barton, Hardin & Garner,* for appellant.

*Wade & McAllister* and *Barber, Henry & Thurman,*
for appellee.

J. SEABORN HOLT, Associate Justice. By this appeal appellant, Marjorie Trotter, Admx., challenges the judgment of the trial court sustaining appellee's demurrer to her complaint, and dismissing her complaint, upon her refusal to plead further. In testing the complaint on demurrer, we must treat all allegations that are well pleaded to be true.

Appellant's allegations in her complaint here were, in effect, that she is the widow of Earl Trotter and at the time of his death both were residents of Benton County, Arkansas; that appellee, Ozarks Rural Electric Cooperative Corporation, is an Arkansas corporation with its principal office in Fayetteville, Arkansas; that Earl Trotter, while employed by the Killoren Company,—in the course of his employment,—was negligently killed near Stilwell, Oklahoma; that Killoren Company of Appleton, Wisconsin, entered into a contract with appellee (Ozarks Rural Electric Coop. Corp.) whereby they agreed to build a transmission line between Evansville, Arkansas and Stilwell, Oklahoma; and that appellee was at "the time and place" selling electric service to its cus-

tomers along said proposed transmission line. It appears that appellant conceded to be true the following facts, (Admission of Fact under Act 335 of the 1953 Legislature) upon which her complaint was based, and the trial court considered them as allegations in the complaint. "1. That plaintiff, Marjorie Trotter, is the duly appointed Administratrix of the Estate of Earl E. Trotter, deceased, and that she was so appointed by the Benton County Probate Court. 2. That the defendant, Ozarks Rural Electric Cooperative Corporation, is a cooperative, organized under the laws of the State of Arkansas, with its principal place of business at Fayetteville, Arkansas. 3. That Killoren Company is a construction company, maintaining its principal place of business at Appleton, Wisconsin, and that at the time of the accident more specifically referred to in plaintiff's complaint, and which occurred on July 29, 1954, Killoren Company was engaged in the construction and erection of electric transmission lines between Stilwell, Oklahoma, and Evansville, Arkansas, said lines being constructed for and on behalf of defendant, Ozarks Rural Electric Cooperative Corporation. 4. That Construction Contract No. 23X, dated April 16, 1953, between Killoren Company and Ozarks Rural Electric Cooperative Corporation, together with Amendments Numbered 1, 2, and 3, are the written contracts between Ozarks Rural Electric Cooperative Corporation and Killoren Company and were the contracts under which Killoren Company and its employees were working on July 29th, 1954. 5. That said contract above referred to specifically required Killoren Company to carry Workmen's Compensation Insurance for the protection of its employees and for the protection of the Ozarks Rural Electric Cooperative Corporation; that said contract above referred to further provided that Killoren Company would hold Ozarks Rural Electric Cooperative Corporation harmless from any and all claims, losses, or damages which might arise by reason of the performance of the terms and provisions of said contract; and that a photostatic copy of the pertinent provisions of said contract above referred to, are attached hereto and made a part of this Request for Admission of Facts as though

set forth herein word for word. 6. That pursuant to the foregoing Contracts, Killoren Company did proceed with the work called for thereunder, which said work in itself, was of an extrahazardous nature. 7. That in the performance of the Contract, Killoren Company did employ Earl Trotter, deceased, and said Earl Trotter at the time of his death on July 29, 1954, was an employee, acting in the course and scope of his employment with Killoren Company and that he lost his life when he came in contact with an energized line, which line Killoren Company was erecting for Ozarks Rural Electric Cooperative Corporation. 8. That before entering into the performance of said Contract, Killoren Company, pursuant to the terms thereof, did obtain standard form of Workmen's Compensation Insurance through Maryland Casualty Company, which said company was and is qualified to do business in the State of Oklahoma. 9. That the accident in question occurred at or near Stilwell, Oklahoma, and immediately thereafter, that plaintiff Marjorie Trotter, as widow of the said Earl E. Trotter, Deceased, and as Guardian for Jo Ann Trotter, minor child of the said Earl E. Trotter, deceased, being the surviving widow and sole surviving heir at law of the said Earl E. Trotter, deceased, did apply for, collect and receive the maximum amount being paid by Maryland Casualty Company, Workmen's Compensation carrier for Killoren Company. 10. That the amount collected by the said Marjorie Trotter, as widow of the said Earl E. Trotter, Deceased, and as guardian for Jo Ann Trotter, minor child of the said Earl E. Trotter, deceased, amounted to the total sum of Thirteen Thousand Five Hundred Dollars ($13,500.00). 11. That the foregoing amount so collected resulted from the death of the said Earl E. Trotter on July 29, 1954, which is one and the same accident as that referred to in plaintiff's complaint." Appellee's demurrer alleged that the complaint failed to state facts sufficient to constitute a cause of action for the reason that plaintiff's (appellant) exclusive remedy was under the Oklahoma Workmen's Compensation Act.

We have concluded that the demurrer was properly sustained and that the judgment of the trial court was

correct and should be affirmed. Appellant relies on two points: "1. The law of Arkansas allows this action, and the trial court erred in sustaining appellee's demurrer. 2. Assuming for the purposes of argument that Oklahoma law applies, still said law permits this action and the trial court erred in sustaining appellee's demurrer." Here it is conceded that the death of appellant's intestate occurred in Oklahoma, therefore, any right to recover and the measure of damages must be tested by the laws of that state, *American Railway Express Co.* v. *Davis,* 152 Ark. 258, 238 S. W. 50; *Magnolia Petroleum Co.* v. *Turner,* 188 Ark. 177, 65 S. W. 2d 1. It is also undisputed that the Killoren Company, in accordance with its contract with Ozarks Rural Electric Cooperative Corporation, secured the payment of compensation benefits that might accrue to a workman employed by Killoren Company and who might suffer accidental injury or death arising out of and in the course of his employment, and also secured and kept in force a workmen's compensation insurance policy. Section 11—(1&2) of 85 Oklahoma Statutes 1951 provides: "1. In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the terms of the contract, that he will comply with the Workmen's Compensation Laws of this State, and in case of a failure to do so, the person procuring such work to be done by independent contractors may declare such failure a substantial violation of the contract, and terminate the same at his or their option. All unpaid balances due under such contract, or so much thereof as may be reasonably necessary, may be retained as indemnity against compensation claims under the Workmen's Compensation Act of this State. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. Provided, however, that for the purposes of this Act, a lessor or sub-lessor shall be deemed not to be one having an interest in the subject matter, the principal employer,

contracting employer, employer, general, intermediate, or immediate, independent contractor or intermediate contractor, of the lessee or of any subsequent sub-lessee, or of the employees of the lessee or of any subsequent lessee, including the employees of the sub-contractors of the lessee or of any subsequent sub-lessee. 2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all of such persons in one proceeding. If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this Act by his independent contractor then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. If it appears in such proceeding that the principal employer is liable for compensation under the terms of this Act, and the subcontractors of the independent contractor and their sureties, are also liable, then judgment or order shall be issued against all of such parties and execution may be issued therefor, but such execution shall first be enforced against those found liable other than the principal employer, and will be enforced as against the principal employer only for the residue of such claim after exhausting the execution against others liable therefor. Payment of the compensation found due by any of the persons liable therefor, shall be complete satisfaction of the claim as to other parties, but any person secondarily liable for such compensation shall have a cause of action against the person primarily liable for the recovery of any payment made on account thereof.'' It is perfectly clear that this Oklahoma Workmen's Compensation Law provides the exclusive remedy to recover by claimant, appellant, whose husband was killed in that state while engaged in a hazardous employment, as here, as against an employer,

principal contractor or sub-contractor. Under the above sections Ozarks Rural Electric Cooperative Corporation was clearly a principal employer and in no sense a third party, and appellant, claimant, is precluded from filing a tort action against Ozarks after having voluntarily availed herself of the Oklahoma Workmen's Compensation Act above (which appears to be more favorable than our own compensation act) and has received the maximum payments thereunder.

The Supreme Court of Oklahoma in the case of *Mid-Continent Pipe Line Co.* v. *Wilkerson*, 200 Okla. 335, 193 P. 2d 586 in construing the above sections of the Oklahoma Workmen's Compensation Law held: "Headnote 1. Employee's right of action for injuries arising out of and in course of hazardous employment and jurisdiction of courts thereover, with certain exceptions, are abrogated by Workmen's Compensation Law (85 O. S. 1941 § 1 et seq.). Headnote 2. Same—Principal employer not liable in tort for injuries to employee of independent contractor. Liability of the principal employer under the terms of the Workmen's Compensation Law of this state to provide compensation for injuries to an employee of an independent contractor is exclusive, and such employee is without right to maintain action in tort against the principal employer on account of such injuries."

As recent as 1954 the United States District Court, Western District of Oklahoma, 146 F. Supp. 217, had occasion to construe the above sections of the Oklahoma Workmen's Compensation Law in a case wherein the facts were, in effect, on all fours with present case. The opinion in that case contains this language:

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

No. 5998 Civil

Robert E. Woody.......................................................Plaintiff

v.

Union Equity Co-op. Exchange,
    a Corporation.....................................................Defendant

National Painting Corporation......Third Party Defendant
State Insurance Fund, Compensation Ins. Carrier

## Memorandum

"The plaintiff, a resident of Missouri, brought this action to recover damages for personal injuries due to the alleged negligence of the defendant, an Oklahoma corporation.

"The undisputed facts disclose that the defendant, Union Equity Co-Operative Exchange, on March 23, 1953, entered into a contract with the National Painting Corporation for the painting and water-proofing of its grain elevator. The plaintiff, Robert E. Woody, was one of the employees of the National Painting Corporation and on July 15, 1953, was engaged in the course of his employment in the performance of the work to be done upon Union Equity's elevator. While so engaged he suffered an accidental injury while riding upon Union Equity's manlift, a revolving composition belt with foot platforms used to enable employees to ascend and descend from one floor to another.

"In its contract Union Equity required National Painting Corporation to secure the payment of compensation benefits which might accrue to a workman employed by National Painting Corporation who suffered an accidental injury arising out of and in the course of employment by procuring and keeping in force a Workmen's Compensation insurance policy by an approved insurer. On the day in question, National Painting Corporation had such Workmen's Compensation insurance policy in force and effect.

"This court, therefore, concludes that it lacks jurisdiction of this case and the action should be dismissed. The subject matter and the parties fall squarely within the provisions of the Oklahoma Workmen's Compensation Act, Title 85 O. S. A. Union Equity with whom National Painting Corporation held its painting contract was a principal employer within the meaning of Section 11 (2) of Title 85 O. S. A. Since Union Equity was a

principal employer, under the Oklahoma decisions it cannot be subject to suit at common law by an employee of an independent contractor, which was the status of Woody, the plaintiff herein. *Mid-Continent Pipe Line Co.* v. *Wilkerson* (Okla. 1948), 200 Okla. 335, 193 p. 2d 586; *Deep Rock Oil Corporation, et al.* v. *Howell*, Judge (Okla. 1948), 200 Okla. 675, 204 p. 2d 282; *Jordan* v. *Champlin Refining Co. et al.* (Okla. 1948), 200 Okla. 604, 198 p. 2d 408.

"Under such circumstances, Union Equity's only liability would be that fixed by the Act in the event it failed to require the independent contractor to carry compensation insurance for the protection of its employees. I think Woody's only remedy is before the State Industrial Commission."

As indicated, since appellant has been fully compensated under the Oklahoma Compensation Act, above, and her only remedy was under that Act, we must and do affirm.