**Ralph McAVOY, Plaintiff,**

v.

**TEXAS EASTERN TRANSMISSION CORPORATION, H. C. Price Corporation, and Brown and Root, Inc., Defendants.**

**The Fidelity and Casualty Company of New York, Intervenor.**

**Civ. No. 861.**

United States District Court
W. D. Arkansas,
El Dorado Division.
March 9, 1960.

See, also, 185 F.Supp. 784.

McMath, Leatherman, Woods & Youndahl, Little Rock, Ark., for plaintiff.

Mehaffy, Smith & Williams, Wright, Harrison, Lindsey & Upton, Little Rock, Ark., Shackleford & Shackleford, El Dorado, Ark., for defendants.

Spencer & Spencer, El Dorado, Ark., for intervenor.

HENLEY, District Judge.

This is an action brought by the plaintiff, Ralph McAvoy, a citizen of Arkansas, against the defendants, Texas Eastern Transmission Corporation (Texas Eastern), a Delaware corporation, H. C. Price Corporation (Price), a California corporation, and Brown & Root, Inc. (Brown & Root), a Texas corporation, to recover a sum in excess of the jurisdictional minimum as damages for personal injuries sustained by the plaintiff in the

State of Kentucky on August 15, 1958. It is alleged that plaintiff's injuries resulted from a pipe line explosion proximately caused by the joint and concurrent negligence of all three defendants.

According to the complaint Texas Eastern was the owner of the pipe line involved, sometimes referred to as the "Danville Loop." The line was being built by Price under a contract with Texas Eastern. Brown & Root had general charge and supervision of the construction of the line and the testing thereof under another contract with Texas Eastern. The complaint further alleged that Williams Service Company, a Louisiana concern, had a contract with Texas Eastern to test the pipe line under the supervision of Brown & Root, and that plaintiff who was an employee of Williams Service Company at the time of the accident had been employed in Louisiana.

Texas Eastern allegedly was guilty of negligence in supplying defective parts and materials for the testing of the pipe line, which parts and materials it was required to furnish under its contract with Williams Service Company. Price allegedly was guilty of negligence in installing the testing equipment and in failing to inspect said equipment, and Brown & Root is charged with negligence in its overall inspection duties, including the alleged duty of inspecting the testing equipment.

Subsequent to his injury plaintiff received workmen's compensation payments under the Louisiana workmen's compensation statute, LSA–R.S. § 23:-1021 et seq. and his immediate employer, Williams Service Company, is not a party to this suit. However, an intervention has been filed on behalf of the workmen's compensation insurance carrier of Williams Service Company.

In their separate answers the defendants have tendered a number of defenses, including the plea that plaintiff's receipt of workmen's compensation bars his present action against all three defendants. At a pre-trial conference it was agreed that this plea, which presents no material issues of fact, would be disposed of prior to any trial on the purely factual issues. That plea has now been submitted on the pleadings, certain discovery materials brought into the record, and written briefs.

Since plaintiff was employed in Louisiana and has received workmen's compensation under the governing statute of that State, was injured in Kentucky, and has sued in Arkansas, the State of his residence, all three States have substantial contacts with this case and with the transactions out of which it arises. The scope of permissible tort action against third parties by an employee who has received workmen's compensation payments on account of injuries is narrower under the law of Louisiana than under the law of either Arkansas or Kentucky. Thus, a problem is presented by the plea now under discussion as to the proper law to be applied in determining plaintiff's rights to sue the respective defendants.

It is clear that plaintiff could maintain his action against all three defendants under the workmen's compensation statutes of both Arkansas and Kentucky. But plaintiff concedes that if the Louisiana statute is applied, the action cannot be maintained against Texas Eastern; and it is argued by the other defendants that under the Louisiana statute they share the immunity of Texas Eastern as members of the same "compensation family." It is further contended by the defendants that even if Kentucky law applies Kentucky would look to the law of Louisiana in determining the right of the plaintiff to sue in tort.

Brown & Root's contention that it shares Texas Eastern's immunity under the Louisiana statute finds strong support in the opinions of Judge Dawkins in Maddox v. Aetna Casualty & Surety Co., W.D.La., Shreveport Division, Docket No. 6000, affirmed, Maddox v. Aetna Casualty & Surety Co., 5 Cir., 259 F.2d 51, and in the cases cited by both the district court and the court of appeals in

that case.[1] Those same authorities likewise may furnish some support for Price's claim that it is immune under the Louisiana Act. In these circumstances it will be assumed for purposes of this opinion that, if Louisiana law is to be applied, the plaintiff is not entitled to maintain this suit against any of the defendants.

 In resolving the conflict of laws problem here presented this Court does not make its own independent choice of law. Rather, it endeavors to ascertain and apply the Arkansas law of conflicts of laws. Griffin v. McCoach, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481; Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477; Leflar, The Law of Conflict of Laws, 1959 Ed., Section 7.[2]

In Carroll v. Lanza, 349 U.S. 408, 75 S.Ct. 804, 99 L.Ed. 1183, the Supreme Court of the United States held that the Federal Constitution, U.S.Const. art. 4, § 1 does not require the State of the forum to recognize the exclusive remedy provisions of the workmen's compensation statute of another State, and that the State of the forum may permit a tort recovery by an injured employee even though a tort action by him would be prohibited by the workmen's compensation statute of the State where he was employed. The effect of that decision, which reversed the contrary holding of the Court of Appeals for this circuit, Lanza v. Carroll, 8 Cir., 216 F.2d 808, was to reinstate the original decision of this court, Carroll v. Lanza, D.C.Ark., 116 F.Supp. 491. In his original opinion in Lanza Judge Miller wrote (at page 502 of 116 F.Supp.):

> "The rule now seems to be that any state having a substantial connection with the employee-employer relationship may apply its own Workmen's Compensation Act. * * * And, a state having the right to apply its own Workmen's

Compensation Act would also have the right to apply its own third party practice. * * *

> "In the instant case, the accident occurred in Arkansas and this State may apply its own Workmen's Compensation Law and its own third party procedure. * * * "

It has been said that for all practical purposes Lanza overruled the earlier decision in Bradford Electric Light Co. v. Clapper, 286 U.S. 145, 52 S.Ct. 571, 76 L.Ed. 1026, and that under the Lanza rule "the place of injury clearly has power to grant a tort recovery under its own law even though the place of contract or other place creating compensation rights would say that no tort right exists." Leflar, Section 139, pp. 267, 268.

 It is a settled principle of Arkansas law that the right of an injured employee to recover in tort is to be determined by the law of the State where the injury occurred, not by the law of the forum, and not by the law of the State where the contract of employment was made. Trotter v. Ozarks Rural Electric Cooperative Corporation, 226 Ark. 722, 294 S.W.2d 498; Haynes Drilling Corporation v. Smith, 200 Ark. 1098, 143 S.W.2d 27; Standard Oil Co. of La. v. Richerson, 188 Ark. 882, 67 S.W.2d 1003; Standard Pipe Line Co. v. Burnett, 188 Ark. 491, 66 S.W.2d 637; Magnolia Petroleum Co. v. Turner, 188 Ark. 177, 65 S.W.2d 1; Logan v. Missouri Valley Bridge & Iron Co., 157 Ark. 528, 249 S.W. 21. Those cases established that Arkansas, as the State of the forum, will allow a tort recovery if such a recovery is permitted by the State where the accident occurred, notwithstanding such a recovery would be prohibited by the workmen's compensation statute of the State where the plaintiff was hired, but that no recovery will be permitted in Arkansas where, under the law of the State where the injury occurred, workmen's compensation is the exclusive rem-

---

1. The opinions of the district court were not reported, but this Court has obtained copies of said opinions and has carefully examined them.

2. Hereinafter cited as Leflar.

edy. See the discussion of those cases in Carroll v. Lanza, supra, 116 F.Supp. at pages 502–503.

■ It follows that as a matter of Arkansas law of conflicts of laws the question of whether the plaintiff is to be permitted to maintain this action is to be determined by the law of Kentucky. The difficulty arises from the fact that while Kentucky has the right to permit a tort action by an injured employee even though the applicable compensation act of another State would prohibit such action, Kentucky is not compelled to do so. Ohlhaver v. Narron, 4 Cir., 195 F.2d 676; Carroll v. Lanza, supra, 116 F.Supp. 491, 503; Leflar, Section 139, pp. 268–269; and there is at least some indication that Kentucky in the application of her own conflict of laws law would look to the law of Louisiana to determine whether this action by the plaintiff should be entertained. See Buckman v. Republic Structural Painting Corporation, Ky., 302 S.W.2d 855; and Employer's Liability Corporation v. Webb, 283 Ky. 115, 140 S.W.2d 825.

Assuming for the moment that, as the defendants contend, Kentucky would refer to the law of Louisiana to determine the rights of plaintiff to maintain this action, the Court is confronted with a renvoi not to the law of the forum but to the law of a third State. Cf. Mason v. Rose, 2 Cir., 176 F.2d 486, and see in particular the concurring opinion of Judge Frank in that case.

It is easy to say that the rights of the plaintiff must be measured by the law of Kentucky. But how much of the law of Kentucky would the Supreme Court of Arkansas apply? Would it apply the entire law of Kentucky, including that State's conflict of laws law, or would it apply merely such law of Kentucky as would govern if no other State were involved? See Leflar, Section 6, p. 9; and Restatement, Conflict of Laws, Section 7, Comment (a).

■ By the great weight of authority the courts of the forum, having determined that the law of some other State should govern with regard to a certain question, apply the law of the foreign State applicable to the precise question in a case having no foreign contacts. Such is the Restatement rule. Restatement, Conflict of Laws, Section 7b and the comment thereon; see also 11 Am.Jur. Conflict of Laws, Section 3, and an Annotation entitled "Conflict of laws as to right of action between husband and wife or parent and child," appearing in 22 A.L.R. 2d 1248, 1251.

There is no reason to believe that the Supreme Court of Arkansas would adhere to a rule other than the majority rule above stated, and this Court now holds that the governing law, so far as plaintiff's right to maintain this action is concerned, is the substantive law of Kentucky as it would be applied to the facts of the case in the absence of any Louisiana contacts. Otherwise stated, no regard will be had in this case to any reference to Louisiana law that the courts of Kentucky might make.

In reaching the conclusion set forth above the Court has assumed that Kentucky would refer to Louisiana law to determine whether the defendants were third party tort feasors. It is by no means certain that Kentucky would do so. Both Buckman and Webb, supra, involved efforts by injured employees to sue immediate employers after having received compensation under the laws of the State of employment. No question of third parties was involved in either case. That Kentucky is not willing to entertain an action by a compensated employee against his immediate employer does not necessarily indicate that in an action against purported third parties Kentucky would look to the law of the State of employment to determine whether the defendants are or are not "third parties." In making that determination Kentucky might well apply her own law.

■ Moreover, as pointed out in Carroll v. Lanza, supra, Arkansas has a public policy which favors common law rights of action for personal injuries; and the plaintiff's action is clearly maintainable against all three defendants un-

der the substantive law of this State. The plaintiff is a citizen of Arkansas, and Arkansas has an interest in seeing that he does not become a public charge.

In such circumstances Arkansas might not be willing to apply Kentucky law at all if such an application would involve a reference to Louisiana law which might defeat the plaintiff's claim.

■ The Court cannot accept the argument advanced in Price's brief that the plaintiff's acceptance of payments under the Louisiana statute amounted to an "election" to have his right to maintain this action determined by Louisiana law. A somewhat similar argument was made and rejected in Haynes Drilling Corporation v. Smith, supra. See also the opinions of the District Court and of the Supreme Court of the United States in Carroll v. Lanza, supra.

■ The plaintiff has not sought or received workmen's compensation payments directly or indirectly from any of the defendants. There is no inherent inconsistency in the plaintiff's receiving such payments from his immediate employer's insurance carrier and pursuing an independent tort action against the defendants as third party tort feasors.

■ True, plaintiff has accepted the benefits of the Louisiana statute, and if his present action were based on that statute, he might well be bound by the statute's limitations as to the persons subject to tort liability. But, his present action is not based on the Louisiana statute. It is based upon the law of Kentucky, as applied by a federal district court sitting in Arkansas. The mere fact that plaintiff has received compensation payments under the Louisiana statute would not require either the courts of Arkansas or the courts of Kentucky to look to Louisiana law to determine either the existence of tort liability or the persons or corporations on whom such liability might be imposed.

The contrary view carried to its logical conclusion would be but another way of saying that the State of the forum is required to give extra-territorial effect to the exclusive remedy provisions of the workmen's compensation statute of the State providing the compensation. Such result the rule laid down in Lanza does not permit.

■ In light of what has been said the Court rejects the plea of all of the defendants based upon plaintiff's receipt of workmen's compensation payments under Louisiana law, and holds that all of the defendants are proper subjects of this action.

An appropriate order will be entered.