CASE 39—PETITION ORDINARY—NOVEMBER 5.

# Louisville & Nashville Railroad Company v. Sanders, &c.

APPEAL FROM HARDIN CIRCUIT COURT

LIMITATION—INFANTS.—An action under section 3 of chapter 57, General Statutes, by the heir of one whose life has been lost by the willful neglect of another, to recover therefor, is barred after the lapse of one year, although the plaintiff be an infant, if there was either a widow or personal representative of the deceased who might have sued. The saving of the statute in behalf of the infant is only intended to apply when there is no other person in being who has power to sue.

WILLIAM LINDSAY FOR APPELLANT.

An action by an infant to recover of a railroad company for the negligent killing of the father is barred after twelve months, if there is either a personal representative or widow that may have sued. (Gen. Stats., sec. 3, chap. 57; Gen. Stats., sec. 3, art. 3, chap. 71; Kennedy v. Burrier, 36 Mo., 128.)

JAMES MONTGOMERY AND HARGIS & EASTIN FOR APPELLEES.

Under section 3, chapter 57, General Statutes, there is a separate right of
action in the widow, heir and personal representative, and a failure to
exercise the right by either does not affect the right of the others.
The infant heir having a separate and independent right of action,
limitation does not run against it until removal of disability. (Gen.
Stats., chap. 71, art. 4, sec. 2.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

B. G. Sanders was killed in February, 1880, by being
thrown from his wagon, when his horses were running
away through fright at a locomotive of the appellant,
which was standing near the public road crossing. His
administrator qualified in March following. He left
no widow. This action was brought in April, 1885, or
more than five years after his death, by his infant chil-
dren, to recover damages therefor, upon the ground that
it was caused by the willful neglect of the appellant
in leaving its locomotive too near the public road. It,
among other defenses, relied upon the statute of limita-
tion ; but the court sustained a demurrer to this portion
of the answer, and of this, among other things, the com-
pany now complains.

It was a rule of the common law, that no recovery
could be had for an injury resulting in death. The
right of action died with the person. This continued
to be the law until 1846, when the English Parliament
altered the rule by enacting what is known as "Lord
Campbell's Act," by which the right to sue in such
a case was given to the personal representative.

Nearly all the States of our Union have, in substance,
copied the English law, and it is by virtue of a statute
that the right to sue in such a case exists in this State.
It reads thus :

"If the life of any person or persons is lost or destroyed by the willful neglect of another person or persons, company or companies, corporation or corporations, their agents or servants, then *the widow, heir or personal representative* of the deceased shall have the right to sue such person or persons, company or companies, corporation or corporations, and recover *punitive* damages for the loss or destruction of the life aforesaid." (General Statutes, chapter 57, section 3.)

Section 3, article 3 of chapter 71, provides, that an action for an injury to the person "shall be commenced within *one* year next after the cause of action accrued, and not thereafter;" and section 2 of article 4 of the same chapter says:

"If a person entitled to bring any of the actions mentioned in the third article of this chapter, except for a penalty or forfeiture, was at the time the cause of action accrued *an infant*, married woman, or of unsound mind, the action may be brought within the like number of years after the removal of such disability, or death of the person, whichever happened first, that is allowed to a person having no such impediment to bring the same after the right accrued."

The question now presented is *res nova*, and by no means free from difficulty. As the statute giving a right of action is punitive, there can, in our opinion, be but one recovery. It is singularly silent as to who shall have precedence in suing. If the Legislature intended to give it first to the widow, and then to the children, and lastly to the personal representative, they have failed to say so, either expressly or inferentially. So also as to any distribution of the proceeds of a recovery.

Louisville & Nashville Railroad Company v. Sanders, &c.

The trouble now in hand grows out of the fact that, under the statute, either of three persons can sue upon a single cause of action.  Upon the one hand, it can be urged that an infant is especially under the care of the court; that here a right of action is given him by the statute; and although the law bars the right in general to sue after the lapse of a year, yet his right to do so is expressly saved to him by the statute for that length of time after arriving at majority; and that it would be absurd to give him a right when he has no legal capacity to enforce it, and then bar it by limitation during the continuance of the disability.

These considerations are not without weight.  They not only furnish ground for thought to the intellect, but appeal to the better feelings of our nature, which instinctively well out in behalf of helplessness.  Upon the other hand, however, the law evidently looks to a speedy settlement of such claims.  This is its policy. It has, therefore, prescribed the shortest period of limitation.  If there be no one *in esse* who has the right to sue, then the saving in behalf of the infant would apply by virtue of the express provision of the statute, and his right be preserved for one year after the removal of the disability.  But here is but *one* cause of action.  The right to sue upon it is given to either of three persons.  If there be one of these in being with the right to sue, then does not the policy of the law, and a comparison and consideration of all the statutory provisions upon the subject, dictate that the action must be brought within a year from the accrual of such right to avoid a bar as to all?  Public policy and the general quiet must be regarded rather than the indi-

vidual hardship.   Statutes of limitation often, if not always, produce the latter.   An existing right is taken away by a statute of repose.   Thus, where the right to land is by descent cast jointly upon persons, time runs unless all of them are under disability.   Some of them may be helpless infants, and yet the statute runs if any of them could sue.   True, such a case is unlike this one, as here the right to sue did not exist in the ancestor, but is given originally to either of the parties named in the statute; but it illustrates the hardship attendant upon the application of the statute.

Certainly the Legislature never intended that actions of this character might be brought twenty years after the accrual of the right—when "some are in the church-yard laid, some sleep beneath the sea"—although during all that time a person was *in esse*, and laboring under no disability, who could have sued upon the single cause of action and recovered all that the law allowed.

The statute says that the suit shall be brought within a year after the cause of action accrues, and not thereafter.   Whenever a party has done an act which makes him liable in damages, and his liability is complete, and there is one *in esse* who can sue therefor and recover, the cause of action has certainly accrued as against the defendant.   But it is said that the cause of action has not accrued to the infant.   There is but one cause of action.   There can be but one recovery.

If, in this instance, the administrator had sued, and either recovered or been defeated, it would have been a bar to a subsequent action by the children.   If, then, the bar from the lapse of time has become complete as

against him, is it not logically a defense to the cause of action, although more than one person could have sued upon it?

While we do not undertake to determine any question of right of distribution, as none is presented, or whether any such right exists, yet if so, and there were a widow living in this instance, then in case of a recovery by the children, she, if entitled to a distribution, would in effect recover, although her right to sue would be barred beyond doubt.

In determining this question, we must keep in mind the legal rights of both the plaintiff and the defendant, and the different provisions of the statute relating to each of them. These provisions must be viewed with an eye to the spirit and policy of the law.

When Sanders was killed the wrong was done. When the administrator qualified there was a person *in esse* who had the right to sue for, recover and receive the entire damages, leaving no longer in existence the cause of action. The statute then began to run not only against him, *but against the cause of action.* The statutory saving in behalf of the infant is only intended to apply where there is no one in being who has power to sue. Unless this construction be given to it, the statute of limitation is not one of repose, as the cause of action may be kept alive for over twenty years, although there is one in being during the entire time who has the right to sue. If, as is probable, the Legislature intended any recovery by the personal representative to be for the benefit of the widow and children, and not for the estate—and the history of legislation in both this country and England fortifies

such view—then there is the greater reason for adopting such construction.

The statute of limitation does not look to the character of the plaintiff, but to the nature of the action. This is not so as to a saving clause. It contemplates the person and not the action. The claim to exemption is against the current of the law, and not co-extensive with its effective provisions. In a case of doubt, therefore, the presumption is against one claiming the exemption. The savings of the statute are not to be as liberally construed as its effective provisions, because they are designed to put an end to strife and litigation, and tend to the security of all men. (Conyers v. Kenan, 48 Am. Dec., 226; Clarke v. Bank, 52 Am. Dec., 248.)

Keeping this rule in mind, as well as the policy of not only the general law but our own statute, as shown by the short period allowed within which to bring an action like this one, we feel constrained to hold, but not without regret, in view of the helplessness of the appellees, that the lower court erred in sustaining the demurrer to the defense of limitation; and the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.