## Employer's Liability Corporation v. Webb.

May 17, 1940.

Charles C. Marshall, Judge.

James F. Thomas for appellant.

Polk South, Jr., and John M. Berry for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Prior to and on February 4, 1935, Leich & Company were engaged in the drug business in Evansville, Indiana. In their employ was Walter Fritts, a traveling salesman. On the date mentioned, while driving a motor vehicle, admittedly engaged in the company's business, and near Versailles, Kentucky, there occurred a collision between the car driven by Fritts and one driven by Charles Webb. Fritts was severely injured, and for some time incapacitated from following his usual or other occupation.

His employer carried compensation insurance, the indemnifying policy having been issued by the appellant. Fritts later filed with the Industrial Board of Indiana his claim for compensation. It is stated that the company, on its own, and on behalf of its insurer denied liability. However, after a hearing the Indiana Board awarded Fritts $1,650, apparently for total temporary disability, and a further sum on account of payments made by him in seeking relief and cure.

On December 30, 1938, the insurer filed its petition in the Henry County, Kentucky, circuit court, making Webb party defendant. It alleges the facts as above outlined, and further that it had paid the total of the two above named sums "for Leich & Company, all of which payments were the direct result of the injuries received by Fritts in the collision of February 4, 1937." In this pleading it sought recovery of the payments it had made to Fritts under the Board's award. It specifically alleged that the injuries to Fritts were due to the fact that Webb "carelessly and negligently drove his car into one owned by Leich & Company, while same was being operated by its employee Fritts, at that time on business of Leich & Company, thereby injuring him."

As a basis of its alleged right to proceed against and have recoupment from Webb, to the extent only of the amount it had paid Fritts under the terms of its policy and the award of the Indiana board, it specifically plead:

> "The plaintiff states that by the terms of its policy issued to Leich & Company, the Employer's Liability Assurance Corporation was subrogated to the claim of Leich & Company arising out of said accident and injury to the employe of Leich & Company as aforesaid, and the payment of compensation."

The appellee, defendant below, filed demurrer to the petition, and upon consideration the court sustained same, and upon plaintiff's declination to plead further, the petition was dismissed over objection, and appeal granted. As presented to us, appellee relies upon Henderson Tel. & Tel. Co. v. Owensboro Home Tel. & Tel. Co., 192 Ky. 322, 233 S. W. 743, in his contention that the appellant is not entitled to be subrogated to the rights of the employer. (2) That the assignor of plaintiff's right, if any it had, was a necessary party to the action. Monmouth County Mut. Fire Insurance Co. v. Hutchinson and Camden & A. R. & T. Co., 21 N. J. Eq. 107, and Civil Code of Practice, Section 19. Lastly that the petition showed on its face that appellant's claim was barred, because the suit was instituted against Webb more than one year after the date of the injury. Kentucky Statutes, Section 2516.

We have found it necessary to consider only the first point argued, and wherein it is contended that appellant, in the absence of certain prerequisite pleading, had no right to proceed against Webb for recoupment.

As we observe the contract of indemnity between appellant and Leich & Company, which is made a part of the petition, we find that clause "K" of the policy provides:

> "The corporation (insurer) shall be subrogated in case of any payment under this policy to the extent of such payment, to all rights of recovery therein vested by law either in this employer, or in any employee or his dependents claiming hereunder, against persons, corporations, associations or estates."

Counsel for appellant admits in the outset of his brief that he has been unable to find a decision of this court where the precise question here presented has been raised or discussed. He then takes the position that the general doctrine of equitable subrogation should apply, notwithstanding he pleads that appellant's rights grow out of the contract and the application of law. He cites Ford v. Jones, 174 Ky. 252, 192 S. W. 28, and Illinois Surety Co. v. Mitchell, 177 Ky. 367, 197 S. W. 844, L. R. A. 1918A, 931. The first case lays down fully the doctrine of subrogation on equitable principles.

The doctrine is so well known that it needs no repe-

tition. While in the second case, supra, much is said of the equitable doctrine and the reason for its almost universal recognition by the courts, the claim of subrogation as upheld was clearly under a contract of subrogation as between the principle and surety.

In the Henderson-Owensboro case, supra, cited by appellee, it will be noted that the opinion was rendered in 1921, at which time our Compensation Act (Section 4890, Kentucky Statutes) did not provide that the insurer might be subrogated to the rights of employer or employee. The employer was allowed subrogation. In 1922 this statute was amended (same section) so as to allow the remedy and relief to the insurer. In that case we held that where an employer had paid the award to an employee, he could proceed against a third party who might be legally liable for the injury. However, we wrote "but an insurance company has no such right of action under the statute, or the general principles of equity, even though it pay the award."

Since the writing of the above case, and the amendment of Section 4890, we have had before us at least two cases, differing somewhat in practice and procedure from the instant case, in which we have written that under and by virtue of the statute as amended, the insurer had certain rights of subrogation. See Stiglitz Furnace Co. v. Stith's Adm'r, 234 Ky. 12, 27 S. W. (2d) 402, and Berry v. Irwin, 224 Ky. 565, 6 S. W. (2d) 705; Napier v. John P. Gorman Coal Co., 242 Ky. 127, 45 S. W. (2d) 1064, in which latter we set out what was thought to be the better practice and procedure. In these cases we held that the right of either the employer or insurer to proceed against the wrongdoer was given by statute, pointing out in the Berry case, supra, that the right was given when either the insurer or employer had paid, or was liable to the payment of compensation under this Act.

However, we need not discuss these or cases of other jurisdictions which have dealt with this question of subrogation, since we find none which presents the exact question discussed here, and only one as having bearing.

The fault to which our attention is directed lies in the fact that appellant does not, nor could it well rely on the provisions of our Compensation Act, since the con-

tract of indemnity and the award under the contract were both made in the State of Indiana. Appellant neither pleads nor proves the law of Indiana with regard to appellant's right to be subrogated to the right either of the employer or its employee. We have a statute on the subject, Section 1642, which provides the manner of proving Statutes of other states so as to be considered as evidence by this court, and in Louisville & N. R. Co. v. Sullivan's Adm'r, 76 S. W. 525, 25 Ky. Law Rep. 854, we held that the law of a sister state, if relied upon, must be both plead and proven.

It has been held in several cases in other jurisdictions, and as indicated in our decisions, that the insurer's right to subrogation is based on statutes, wherein the right is fixed. Fidelity & Casualty Co. v. Huse & Carleton, 272 Mass. 448, 172 N. E. 590; Brandon v. Texas Exployers' Ins. Ass'n, Tex. Civ. App., 58 S. W. (2d) 894. The provisions of the Compensation Act, upon the execution of the contract for indemnity, became parts of the contract; Bronder v. Otis Elevator Co., 121 Neb. 581, 237 N. W. 671; Fidelity Union Casualty Co. v. Texas Power & Light Co., Tex. Civ. App., 35 S. W. (2d) 782; Travelers' Ins. Co. v. Central R. Co., 143 Misc. 589, 258 N. Y. S. 35.

In the case of Sloan v. Appalachian Power Co., D. C., 27 F. Supp. 108, 109, it appears that Sloan, a resident of Kentucky, sued the appellee, domiciled in West Virginia, to recover damages for personal injuries sustained while he was temporarily in West Virginia. He was in the employ of the Catlettsburg Water Company in Kentucky. The company carried compensation insurance, and Sloan made claim for compensation, which was accepted, and the insurer was paying Sloan $12.48 per week, and medical expenses, not to exceed a sum named.

After suit had been filed by Sloan, the insurer asked to be allowed to intervene, and Sloan raised objection. The insurer based its right on our Kentucky Statutes, Section 4890, which the court quoted, and pointed to Berry v. Irwin, supra, as holding that the insurer had a right to intervene when the injured party sought damages from a negligent third party, where it had paid or was paying compensation.

The court mentioned its rules of practice controlling the right of intervention, and held the insurer had the right to intervene. Sloan argued that since the accident occurred in West Virginia, the laws of that state should govern, and asserted that under the West Virginia law an employer has no right of subrogation. The court remarked that, "I can not agree that the West Virginia law controls this question," and added:

"It is true that the law of West Virginia, where the accident occurred, determines the question of negligence, but the law of Kentucky determines the rights of the parties under plaintiff's contract of employment. The contract of employment was entered into in Kentucky, and the provisions of the Kentucky Compensation Act became a part of that contract of employment, so that the insurance company's right of subrogation is not only statutory but contractual. * * * The rights of the parties to that contract of employment must be enforced in accordance with the Kentucky law, irrespective of the place where the accident occurred or the place where suit is instituted."

We may assume from the pleadings that the "contract of employment," in the instant case, was made in Indiana, and that the contract of indemnity was therein made, and it necessarily follows that the compensation law, which is to be read into the contract, should and must control the rights of the parties. Not having plead the compensation, or applicable law of Indiana, the pleading was defective, and the court properly sustained the demurrer.

Judgment affirmed.