**HARRIS CORPORATION, DATA COMMUNICATIONS DIVISION**
Dallas, Texas, Plaintiff,

v.

**COMAIR, INCORPORATED; Piper Aircraft Corporation; The Garrett Corporation; G & N Aircraft, Inc; Daniel Snyder, d/b/a The Accessory Shop; and John Does, Defendants.**

Civ. A. No. 80–129.

United States District Court,
E. D. Kentucky,
Covington Division.

April 14, 1981.

H. Henry Kramer, Edgewood, Ky., Ronald L. M. Goldman, Marina Del Rey, Cal., for plaintiff.

John W. Beatty and D. Gary Reed, Cincinnati, Ohio, for Comair.

Rodney S. Bryson, Covington, Ky., for Garrett.

John L. Bennett and Lee E. Sitlinger, Louisville, Ky., for G. & N.

John J. O'Hara and Arnold Taylor, Covington, Ky., for Piper.

## OPINION

BERTELSMAN, District Judge.

This matter is before the court on the defendants' motion to dismiss for failure to state a claim. The motion presents the court with the question whether a corporation can recover in its own right for the death of its employee, where it can show it sustained economic loss by reason of the employee's death. Also presented is an apparent conflict of laws question concerning the employer's right to indemnity for workmen's compensation benefits paid to the employee's survivors.

## FACTS

On October 8, 1979, an airplane, owned and operated by the defendant Comair, a commuter airline, crashed at the Greater Cincinnati International Airport, which is located in Boone County, Kentucky. Several persons were killed in this tragic incident, including one Jeffrey Downey Lake, a passenger on board the ill-fated aircraft.

The administrator of Lake's estate has filed a wrongful death action in this court against the same defendants named in the instant action. These are Comair, Inc., whose pilot is alleged to have been negligent, the manufacturers of the airplane and of certain component parts, and a defendant who had serviced the aircraft.

The plaintiff in this action is the Harris Corporation, Data Communications Division, the decedent's employer. The action is brought in addition to and independently of the administrator's action.

The complaint herein alleges that the decedent was a valued employee of the plaintiff corporation and that it suffered economic loss by reason of his death. Also alleged is the fact that the plaintiff corporation paid to Lake's survivors substantial sums in workmen's compensation payments, for which indemnity is sought.[1]

The plaintiff does business nationwide, but the decedent worked in one of its Ohio offices and was a resident of Ohio. Claims by his survivors were made and paid under the Ohio Workmen's Compensation Act. This Act permits a double recovery by the employee or his survivors, when an action is successfully brought against a third-party tortfeasor for the employee's injury or death, and does not permit the employer to recover anything from a third-party tortfeasor by way of indemnity or contribution.[2]

Plaintiff contends that Kentucky law is applicable, and that it can bring a common law action of indemnity to recover the benefits paid against the alleged third-party tortfeasors, in spite of the fact that such a cause of action is denied to it under Ohio law.[3]

## PLAINTIFF'S CLAIM FOR RECOVERY FOR ITS EMPLOYEE'S DEATH

The plaintiff corporation relies primarily on two arguments in its attempt to recover for its employee's death. The first is that, as a matter of justice, a cause of action ought to be recognized in its favor, because it is an innocent party which has suffered economic loss as a proximate result of the defendants' alleged wrongful acts.[4]

A second and narrower argument is that, because the employer corporation purchased the employee's ticket for the business trip on which he was embarked at the time of his death, a contract of safe carriage resulted on the basis of which a separate recovery may be had.

The problem with the plaintiff's death claim is that it is well established that actions for wrongful death, since they did not exist at common law,[5] are solely the creatures of statutory or constitutional provisions.[6] Under Kentucky law,[7] the right to recover for wrongful death exists by virtue

---

1. Plaintiff was a self-insurer under the Ohio Workmen's Compensation Act.

2. *See* note 17, *infra.* The Kentucky statute covering a similar situation, in effect, subrogates the employer to the rights of the employee or his survivors. K.R.S. 342.700(1). *See* note 30, *infra.*

3. Plaintiff makes no claim under K.R.S. 342.-700, *supra.*

4. Of course, the court for the purposes of these motions to dismiss must assume that the facts stated in the complaint are true.

5. *Eden v. Lexington & Frankfort R. Co.*, 53 Ky. (14 B.Mon.) 204 (1853).

6. 22 Am.Jur.2d, Death §§ 1, 2; *L & N Railroad Co. v. Sanders*, 86 Ky. 259, 5 S.W. 563 (1887); *Smith's Admr. v. National Coal & Iron Co.*, 135 Ky. 671, 117 S.W. 280 (1909).

7. It is not contested that Kentucky law applies in assessing the validity of the death claim.

of § 241 of the state Constitution,[8] adopted in 1891. This constitutional provision has been implemented by K.R.S. 411.130.[9]

As early as 1887, it was held that there can be but one cause of action and one recovery based on the wrongfully caused death of a person.[10] The Supreme Court of Kentucky has shown no disposition to depart from this principle or broaden the cause of action for wrongful death. Recently, in *Brooks v. Burkeen*,[11] the court held that, outside the wrongful death act, there is no recovery even by the widow or surviving children for the loss of consortium or parental care as a result of the death of their husband and father. The Kentucky high court has also recently held that a mother of a deceased unmarried child did not have any separate cause of action based on her child's death and was barred by the administrator's settlement of the death claim.[12]

In the case at bar, the decedent lived for a few hours in the hospital before expiring, but the plaintiff is limiting its claim solely to that for death, making no effort to recover for loss of services for that brief period. It should be pointed out, however, that although there is some authority for recognizing a cause of action by an employer for loss of services resulting from the injury of the employee, the trend of the later cases is against the recognition of such a cause of action, even in the injury situa-

8. Kentucky Constitution § 241 reads:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made, the same shall form part of the personal estate of the deceased person."

9. K.R.S. 411.130 reads:

"(1) Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.

"(2) The amount recovered, less funeral expenses and the cost of administration and costs of recovery including attorney fees, not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order:

"(a) If the deceased leaves a widow or husband, and no children or their descendants, then the whole to the widow or husband.

"(b) If the deceased leaves a widow and children or a husband and children, then one-half (½) to the widow or husband and the other one-half (½) to the children of the deceased.

"(c) If the deceased leaves a child or children, but no widow or husband, then the whole to the child or children.

"(d) If the deceased leaves no widow, husband or child, then the recovery shall pass to the mother and father of the deceased, one (1) moiety each, if both are living; if the mother is dead and the father is living, the whole thereof shall pass to the father; and if the father is dead and the mother living, the whole thereof shall go to the mother. In the event the deceased was an adopted person, 'mother' and 'father' shall mean the adoptive parents of the deceased.

"(e) If the deceased leaves no widow, husband or child, and if both father and mother are dead, then the whole of the recovery shall become a part of the personal estate of the deceased, and after the payment of his debts the remainder, if any, shall pass to his kindred more remote than those above named, according to the law of descent and distribution."

10. See *L & N R. Co. v. Sanders*, 86 Ky. 259, 5 S.W. 563 (1887). This case held that, where the administrator of decedent did not bring suit within the statutory period, a child of the decedent, who was a minor at the time of his father's death could not bring suit upon reaching majority. The statute under which the plaintiff sued in *Sanders* was supplanted by § 241 of the 1891 Constitution. The earlier statute permitted the administrator's heir *or* personal representative to sue, a fact which the court in *Sanders* criticized.

11. 549 S.W.2d 91 (Ky.1977).

12. *Wheeler v. Hartford Accident & Indemnity Co.*, 560 S.W.2d 816 (Ky.1978).

tion where the wrongful death statutes are not a problem.[13]

■ Although the plaintiff's argument in support of this cause of action has a surface appeal, a moment's reflection reveals that wisdom is in accord with the weight of authority that such a cause of action should be denied, whether based on the death or the injury of an employee.

As a practical matter, if a person is injured or killed under such circumstances that there would be a right to recover against the tortfeasor, there is usually only a limited amount of resources to compensate him or his survivors. That is true in the case at bar as in most cases. The policy of the common law and the wrongful death acts is to give the sole right to make a claim against those resources to the injured person and his spouse,[14] if he survives, and to the survivors named in the wrongful death act in the event of death.

There are many people who may suffer economically or psychologically from the death of an individual. He may be a good customer at some place of business. He may contribute regularly to worthy causes. His friends may grieve for him perhaps more than his relatives. Yet, the law limits the right to recover for injury to himself or those having a special relationship with him in the eyes of the common law, and, in the event of death, to those named in the wrongful death act.

This is a wise course because, if recovery could be had by all who are injured in fact, the resources available to compensate an injured person or the survivors of a deceased person would be diluted. Also, the settlement of claims would be extremely difficult in that a tortfeasor or his insurer would have no way to know how many claims might be brought, or from whom to obtain releases.[15]

With regard to the contract of carriage theory adduced by the plaintiff, the claim is in essence one for the death of the employee, and is entirely circumscribed by the provisions of the Kentucky Constitution and statutes above discussed. The contract theory is but an evasion by which the plaintiff attempts to pursue indirectly a course which the law says it may not pursue directly. Our courts have had occasion previously to look to the true nature of tort claims, which have for one reason or another been presented in the guise of actions on contract.[16]

## THE CLAIM FOR RECOVERY OF WORKMEN'S COMPENSATION BENEFITS PAID

As has been stated, the decedent was based at one of his employer's Ohio offices. Therefore, both he and the employer were operating under the Ohio Workmen's Compensation law, which prohibits any recovery by the employer from a tortfeasor for compensation benefits paid.[17]

**13.** 57 A.L.R.2d 802. The Kentucky high court has held that where death occurs instantaneously, there was no recovery for loss of services, even by the widow or children. *Brooks v. Burkeen*, 549 S.W.2d 91 (Ky.1977).

**14.** And parent, in the case of a minor. The spouse (until recently, the husband only) and parent were deemed at common law to have such a special relationship to the injured person that they were afforded their own cause of action. *Cf. Crab Orchard Improvement Co. v. Chesapeake and Ohio Railroad Co.*, 115 F.2d 277, 283 (4th Cir. 1940).

**15.** *See* discussion of problems that might result from recognizing numerous causes of action for the death of one person in *Brooks v. Burkeen, supra* note 13 and *L&N v. Sanders, supra* note 10.

**16.** *See Wheeler v. Hartford Accident & Indemnity Co.*, 560 S.W.2d 816 (Ky.1978) (action for death claimed to be based on uninsured motorist policy); *Finck v. Albers Super Markets, Inc.*, 136 F.2d 191 (6th Cir. 1943) (where action is essentially for personal injury, personal injury statute of limitations applies despite plaintiff's allegations of breach of warranty.)

**17.** Ohio Revised Code § 4123.82; *Truscon Steel Co. v. Trumbull Cliffs Furnace Co.*, 120 Ohio St. 394, 166 N.E. 368 (1929); *Fischer Construction Co. v. Stroud*, 175 Ohio St. 31, 191 N.E.2d 164 (1963); 58 Ohio Jur.2d Workmen's Compensation § 244. Plaintiff alleges that this statutory scheme is unconstitutional, but pursues no arguments to demonstrate its unconstitutionality.

Although the generally recognized conflicts of law rule is that in such a situation the law of the state where the compensation benefits were paid applies,[18] the plaintiff here relies on recent rulings by the Supreme Court of Kentucky that it will apply Kentucky law in tort cases wherever there are sufficient contacts to justify doing so.[19] Plaintiff also relies on certain Kentucky cases which it interprets as permitting employers to claim common law indemnity for benefits paid.[20]

At first glance, this theory also might seem to have some merit. Close analysis, however, reveals it to be fallacious. It is best not to approach the matter as a conflict of laws problem at all. Rather, it should be regarded as a situation in which the decedent and his employer, the plaintiff, had an employment contract made in Ohio. Part of it was created by them; namely, that part providing for the duties to be performed and the amount of the wages and fringe benefits to be paid. Portions of the employment contract, however, were mandated by the State of Ohio, including those portions relating to the payment of workmen's compensation benefits.[21] Part of the employment contract is a provision by operation of law that plaintiff would not assert any claim for indemnity against a third-party tortfeasor nor seek subrogation from the survivors, if Lake were to be injured or killed in the scope of his employment and plaintiff had to pay compensation benefits for that reason.

If this contract were a negotiated agreement in its entirety, Kentucky would enforce it as written in an action between employer and employee in a Kentucky court, not as a matter of conflict of laws, but because it was the contract by which the parties chose to define their relationship. There is no injustice or inconsistency in limiting the employer's rights to those under the employment contract, just because part of it is created by the statutory law of the State of Ohio. Undoubtedly, those parts of it that were formulated by the plaintiff and the decedent were affected by those parts required by the statutes of Ohio. The court cannot take that employment contract which constitutes a single package of interrelated obligations and benefits and substitute for part of it, on a piecemeal basis, a portion of the law of Kentucky, even if that law were as plaintiff interprets it.

Thus, it is not so much that the law of Ohio is being applied in this situation, as that the plaintiff is being held to a limitation on its rights under its employment contract with the decedent. This was essentially the holding in *Employer's Liability Corp. v. Webb*,[22] decided by Kentucky's highest court in 1940. For the reasons above stated, this court is of the opinion that the result of that case would still prevail, in spite of the more recent conflict of laws cases of the Supreme Court of Kentucky.

There is an even more compelling reason why plaintiff's indemnity claim must fail, however. Plaintiff would have no cause of action for indemnity, even if the Ohio law were not as it is. The underlying theory of indemnity, as stated in Restatement, Restitution § 76 is:

---

**18.** 82 Am.Jur.2d, Workers Compensation § 435; *Larson*, Workmen's Compensation Law § 88.-00.

**19.** *Foster v. Leggett*, 484 S.W.2d 827 (Ky.1972); *Arnett v. Thompson*, 433 S.W.2d 109 (Ky.1968).

**20.** *See Ruby Lumber Co. v. Johnson*, 299 Ky. 811, 187 S.W.2d 449 (Ky.1945); *Johnson v. Ruby Lumber Co.*, 278 S.W.2d 71 (Ky.1954); *Whittenberg Engineering & Construction Co. v. Liberty Mutual Ins. Co.*, 390 S.W.2d 877 (Ky. 1965). These cases were indemnity actions between subcontractors and contractors for benefits paid for injuries to workers who were considered under Kentucky workmen's compensation law to be the employees of both.

**21.** *See* 18 Am.Jur.2d Workman's Compensation § 4; *Sloan v. Appalachian Electric Power Co.*, 27 F.Supp. 108 (S.D.W.Va.1939); *Employer's Liability Corp. v. Webb*, 283 Ky. 115, 140 S.W.2d 825 (1940).

**22.** 283 Ky. 115, 140 S.W.2d 825 (1940) (where Indiana employee had accident in Kentucky, provisions of Indiana Act and insurance policy issued to employer in Indiana controlled subrogation claim.)

"A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct."

As is well stated in the introductory comments preceding that section, indemnity arises in a situation "in which two or more persons were subject to a contractual or quasi-contractual, or other duty which is discharged in whole or in part by one of them, although the other was subject to a duty of performance . . . with the one who discharges it." [23] It is further pointed out:

"Where the payor has given something in the discharge of a duty to which the other is subject, his right to indemnity or contribution therefor is based upon the fact that he has thereby conferred a benefit upon the other." [24]

 Thus in a tort situation such as we have in this case, indemnity arises "where one of two persons who are liable for a tort discharges the liability of both." [25] For indemnity to arise, the obligation discharged by the indemnitee must be coextensive or identical with that owed by the indemnitor.[26]

 Thus it may be seen that the plaintiff here does not have a claim for indemnity even under Kentucky law. In the cases on which it relies [27] both the contractor and the subcontractor were liable for workmen's compensation benefits to the employee of the subcontractor. The subcontractor paid the benefits, but the injury had been caused by the contractor's negligence. All that these cases hold is that, as between the contractor and the subcontractor, the contractor ought to have paid this common liability. Since the contractor did not, the subcontractor may have indemnity from the contractor, since the subcontractor paid their common obligation to the injured worker.

But in the instant case, the plaintiff conferred no benefits on the defendants by paying some liability of theirs. Plaintiff paid its own liability under the Ohio workmen's compensation law, not a common liability.[28] If defendants were at fault, they are still liable for it to decedent's survivors. No benefit has been conferred on the defendants. They have not been enriched either justly or unjustly. Therefore, the plaintiff would have no right to indemnity under the common law principles prevailing in Kentucky.[29]

Although the plaintiff has made no claim for subrogation herein, it may be noted that it would not be entitled to that remedy either. If the decedent and the plaintiff had been operating under the Kentucky workmen's compensation act, plaintiff would in effect have been subrogated to any rights of the survivors against the alleged tortfeasors under K.R.S. 342.700(1).[30]

---

**23.** *Restatement*, Restitution § 76, Introductory note.

**24.** *Id.*

**25.** *Restatement*, Restitution § 86, Comment a.

**26.** 42 C.J.S. Indemnity § 3, p. 567; *State ex rel. Manchester Ins. Co. v. Moss*, 522 S.W.2d 772 (Mo.1975); *Crab Orchard Improvement Co. v. Chesapeake & Ohio Railway Co.*, 115 F.2d 277 (4th Cir. 1940) (extensive well-reasoned discussion).

**27.** *See* cases in note 20, *supra*.

**28.** *Cf. Employers Mutual Liability Co. v. Griffin Construction Co.*, 280 S.W.2d 179, 184 (Ky. 1955).

**29.** *Crab Orchard Improvement Co. v. Chesapeake & Ohio Railroad Co.*, *supra* note 26.

**30.** The Kentucky statute in effect subrogates the employer to the rights of the employee or his survivors. K.R.S. 342.700(1) reads:

"(1) Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both. If the injured employee elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. If compensation is awarded under this chapter, the employer, his insurance car-

The essence of subrogation is *substitution* of one person to the rights of his payee against a debtor when he has paid the obligation of the debtor to the payee. It amounts in most situations to an assignment either express or implied.[31] But, absent a statute such as K.R.S. 342.700(1), *supra,* an employer is not entitled to subrogation to the rights of an injured employee to whom benefits have been paid.[32] Further, one of the requirements for subrogation is that it "must not work any injustice to the rights of others."[33] If plaintiff's claim were to be recognized, injustice would be worked upon the decedent's survivors who would be required to reimburse the plaintiff-employer out of any judgment they might recover. Such recovery is directly contrary to the employment contract between plaintiff and decedent, as pointed out above. Therefore, plaintiff has a right neither to indemnity nor subrogation.

## CONCLUSION

Therefore, since plaintiff has failed on all its claims herein, the complaint must be dismissed and a judgment to that effect has this day been entered.

rier, the special fund, and the uninsured employer's fund, or any of them, having paid the compensation or having become liable therefor, may recover in his or its own name or that of the injured employee from the other person in whom legal liability for damages exists, not to exceed the indemnity paid and payable to the injured employee, less the employee's legal fees and expense..

31. *Bryan v. Henderson Electric Co.*, 566 S.W.2d 823 (Ky.App.1978); *Employers' Mutual Liability Ins. Co. v. Griffin Construction Co.*, Ky. 280 S.W.2d 179, 181 (1955).

32. The payment must be measured by the actual loss sustained for subrogation to arise. Thus it does not arise in the workmen's compensation situation (absent a statute such as K.R.S. 342.700) because the workmen's compensation

benefits are measured differently than tort liability. *See Crab Orchard Improvement Co. v. Chesapeake & Ohio Railroad Co., supra.* In subrogation, however, the source of the obligation between subrogor and subrogee need not be identical as it must in indemnity. Some authorities speak of subrogation as being based on unjust enrichment of the debtor. *See* Restatement, Restitution § 162; *Payne v. Standard Accident Insurance Co.*, 259 S.W.2d 491 (1953). Others suggest it arises out of an implied contract with the payee. *See Employers Mutual Liability Co. v. Griffin Construction Co., supra.*

33. *Bryan v. Henderson Electric Co.*, 566 S.W.2d at 825.