OPINION OF THE COURT
Samuel L. Green, J.
Defendants move for summary judgment dismissing plaintiffs’ causes of action in strict products liability and breach of warranty. The underlying action seeks damages for personal injuries sustained on February 28, 1977 when plaintiff William T. Held fell in an allegedly defective hole located in a raised concrete walkway directly in front of the door to a 7-Eleven store franchised by defendant Southland Corporation to defendant 7-Eleven Food Store.
A search of the entire record in this case (CPLR 3212, subd [b]) discloses that as a result of severe weather during the winter of 1976-1977, a portion of the concrete walkway directly in front of the 7-Eleven store cracked and raised up so that the front doors would not open. Defendants, as a temporary measure, hammered a hole in the concrete and filled it with gravel and stone up to the level just below the right front door so that at least one door could be used. On the afternoon of plaintiff’s accident, he entered the 7-Eleven store through this door, remained in the store a few minutes, purchased some items, exited the store through *755 the same door and then fell in the area directly in front of the store where defendants had filled the hole with gravel.
Plaintiffs’ first cause of action is for negligence in which it is alleged that defendants improperly and inadequately maintained and repaired the area in question. This cause of action is not challenged by defendants on their motion for summary judgment.
However, plaintiffs allege in their complaint and bill of particulars that defendants made express and/or implied warranties that the entrance and exit area in question was safe for customers and further allege strict tort liability because this area was not fit for the purpose for which it was intended.
Initially this court accepts in principle that “[t]he sufficiency of the complaint cannot be made to turn on the presence of any particular word or words. It is the totality of the facts themselves which must be examined to determine the complaint’s validity, not plaintiff’s characterization of them or the conclusion which [he] seeks to draw from them.” (Perlmutter v Beth David Hosp., 308 NY 100, 107.) In this regard plaintiffs allege in their bill of particulars that the “product or products involved are the actual concrete surface of the area where the plaintiff fell and the ingredients as well as the failure to repair same after notice was given.”
In opposing the motion for summary judgment, plaintiffs rely heavily upon obiter dicta in Rainbow v Elia Bldg. Co. (49 AD2d 250, 252) that “under appropriate circumstances a failure to warn may be a defect such as will support a claim founded on the theory of strict liability”. However, this court does not find such circumstances to be present in this case for several reasons.
Virtually all efforts to extend strict tort liability to transactions in which service predominates have been unequivocably rebuffed in this State as well as in other jurisdictions. (See, e.g., Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, 398; Milau Assoc. v North Ave. Dev. Corp., 42 NY2d 482, 488, 489; Perlmutter v Beth David Hosp., 308 NY 100, 104, supra; Mastro v County of Schenectady, 74 AD2d 976; Sala v Tomlinson, 73 AD2d 724, *756 725; Gordon v Holt, 65 AD2d 344, 349; see, also, 29 ALR3d 1425, 1426; La Rossa v Scientific Design Co., 402 F2d 937, 943; Stuart v Crestview Mut. Water Co., 34 Cal App 3d 802; Gagne v Bertran, 43 Cal 2d 481; Magrine v Spector, 53 NY 259; cf. Newmark v Gimbels, Inc., 54 NJ 585.)
In this case, defendants were providing Mr. Held with a service not a product. The concrete where plaintiff fell is not a “product” that defendants regularly distribute to the consuming public. Although there may be a point at which a service transaction is transformed into a sales transaction, that stage clearly was not approached during the service provided in this case
Further, the policy considerations responsible for the evolution of the doctrine of strict tort liability have no relevance to the facts of this case. As originally proposed strict products liability was to provide a means of recovery of damages for product-caused accidents against retailers and wholesalers in situations where the manufacturer was not amenable to the jurisdiction of the court and the manufacturer’s pockets were not deep enough. (See, e.g., Prosser, The Assault Upon the Citadel, 69 Yale LJ 1099, 1114-1124.) This consumer-oriented policy also evolved to provide a means for injured parties to recover damages against manufacturers of defective products who were otherwise insulated from direct contact with the consumer or user by the wholesalers and retailers involved in the modern mass-marketing chain. Moreover, retailers or manufacturers are able to proportion their losses among the consuming public simply by increasing the cost of their products which is viewed as a minimal cost when compared to the loss suffered by the injured customer.
Unlike the mass production of products for distribution to the consuming public, there exists no mass production of services which defendants’ 7-Eleven store provides. These services are custom-tailored to meet the needs of the particular customers in the neighborhood. Consequently, there exists no body of distant consumers who are confronted with the difficult burden of tracing incompetent workmanship by the service provider. The transaction in this case emanated from a face-to-face relationship. Once plaintiff was injured as a result of faulty service, an action for *757 negligence provides him with both an effective and reasonable remedy.
Moreover, risk distribution, which constitutes the fundamental underpinning for imposing strict tort liability on sellers in the distributive chain, is an inappropriate policy consideration in a service-oriented business. The service provider ultimately must absorb the financial liability or endeavor to spread the loss among a limited number of customers. This limited capability of risk distribution would jeopardize the continued vitality of service providers, like defendants.
The rationale of implied warranty likewise fails to furnish any sound basis to supplant existing negligence standards. In Milau Assoc. v North Ave. Dev. Corp. (56 AD2d 587, affd 42 NY2d 482, supra) the plaintiff sued the defendant contractors on the theories of negligence and breach of warranty when a sprinkler system which the defendants installed burst, causing substantial water damage. The Court of Appeals concluded that the warranty with respect to the performance of services is not implied by the common law. The court held that where services have been performed in a faulty or slipshod manner, the law provides for recovery on the theory of negligence.
The courts of our State do not recognize a cause of action based upon breach of warranty arising out of the performance of services. (See, e.g., Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, supra; Milau Assoc. v North Ave. Dev. Corp., 42 NY2d 482, supra; Perlmutter v Beth David Hosp., 308 NY 100, supra; Sala v Tomlinson, 73 AD2d 724, supra; Gordon v Holt, 65 AD2d 344, supra; Osborn v Kelley, 61 AD2d 367.) If a service is performed negligently, the cause of action accruing is for that negligence. Likewise,, if it constitutes a breach of contract, the action is for that breach. The distinction in the case of a sale of goods is that a warranty gives rise to a cause of action without fault. No such right has ever been extended in this State to include the consequence of a performance of a service and plaintiff has failed to persuade this court that the time has now come to break from this firm precedent on the facts presented in this case.
*758 Finally, this court notes that although lack of privity is no defense to a cause of action based upon strict tort liability (Codling v Paglia, 32 NY2d 330; Victorson v Bock Laundry Mach. Co., 37 NY2d 395) it is a legitimate defense to a products liability action based on breach of warranty (Martin v Dierck Equip. Co., 43 NY2d 583, 589-590; Titlebaum v Loblaws, Inc., 64 AD2d 822) and plaintiff does not dispute the fact that they had no contract with the defendants with respect to the concrete walkway in question.
Accordingly, there being no triable issues of fact with respect to plaintiffs’ causes of action for strict tort liability and breach of warranty, defendants’ motion for summary judgment with respect to these causes of action is granted. (Andre v Pomeroy, 35 NY2d 361.)