OPINION OF THE COURT
John A. K. Bradley, J.
This action arises out of a fire which broke out on the third floor conference center wing of Stouffers’ Inn of Westchester, located in Harrison, New York, on December 4,1980 shortly after 10:00 a.m. The fire spread rapidly, and 26 individuals perished. Among those who died were 13 employees of plaintiff Arrow Electronics, Inc. Plaintiff is now suing the owners of the inn, the Stouffer Corporation (Stouffer), a construction company, William L. Crow Construction Co. (Crow) that had been retained by Stouffer in connection with the planning, design and construction of the inn, a firm of architects who rendered services in connection with the planning, design and construction of the inn and a firm of consulting engineers, Byers, Urban, Klug, White and Partners as successor to Byers, Urban, Klug and Pittenger, Consulting Engineers (Byers), who performed mechanical engineering and electrical work on the inn. Stouffer and Byers have moved to dismiss the causes of action against them and the entire complaint. Crow has moved to dismiss and for summary judgment.
*555 The complaint alleges that in October and November, 1980, plaintiff and Stouffer entered into an agreement under which Stouffer agreed to rent guest rooms and meeting rooms to plaintiff for its senior management level annual budget meetings to be held between November 30, 1980, and December 6, 1980. The complaint further states that the agreement implied that the portions of the inn furnished to Arrow were suitable and safe for the use contemplated, reasonably free of fire hazards and reasonably equipped with devices to minimize the danger of fire. The complaint also states that the defendants had warranted that the inn was safe when in fact it was not. The complaint alleges causes of action in negligence, for wrongful, wanton, willful and intentional conduct, breach of express and implied warranty, breach of contract and strict liability.
Plaintiff seeks $5,000,000 compensatory and $5,000,000 punitive damages for the loss of its management, costs of recruiting new employees, loss of books, records and papers, death benefits to widows and estates of its employees and lost profits.
The defendants contend that, except for the claim for the loss of books and records, the claims in the complaint are all allegations of corporate damage arising from the death of its employees. This is, they say, an action for wrongful death. Such actions are purely statutory and plaintiff has no statutory right to recover.
In New York, there is no common-law right to sue for wrongful death and the Court of Appeals has refused to “create” a common-law counterpart to the statutory wrongful death cause of action. (Carrick v Central Gen. Hosp., 51 NY2d 242; Liff v Schildkrout, 49 NY2d 622; Ratka v St. Francis Hosp., 44 NY2d 604.)
The statute governing wrongful death actions is EPTL 5-4.1 which provides that a wrongful death action may be brought by the personal representative of a decedent who is survived by distributees. By its very words, this section seems to preclude recovery by plaintiff here, since plaintiff is the employer, not the personal representative of the deceased.
*556 The Court of Appeals has held that an employer has no right to recover damages sustained when one of its employees is injured. (Ferguson v Green Is. Contr. Corp., 36 NY2d 742.) In other jurisdictions with similar wrongful death statutes, courts have held that the employer has no right of recovery for the death of the employee. (Harris Corp., Data Communications Div. v Comair, Inc., 510 F Supp 1168; see, also, Zawadzki v Checker Taxi Co., 539 F Supp 207, and cases cited therein.) Harris (supra, p 1172) following Kentucky law, which on this point is similar to New York law, points out that limiting recovery to those named in the wrongful death act “is a wise course because, if recovery could be had by all who are injured in fact, the resources available to compensate an injured person or the survivors of a deceased person would be diluted.”
Plaintiff urges that this is not a wrongful death action but an action for injury to the corporate plaintiff. However, this is, no matter how ingeniously disguised, a wrongful death action. The complaint is, therefore, dismissed insofar as it seeks compensatory or punitive damages for the deaths of the employees.
The complaint also seeks damages for destruction of the corporate books and records. The first and sixth causes of action are for negligence and the fourth is for breach of contract. These are properly pleaded and as to them there are factual disputes. Insofar as they relate to the books and records the motion is denied. The second, third, seventh and eighth causes of action relate to breaches of express or implied warranty. The defendants here provided a service to plaintiff. They did not sell a product. In Milau Assoc. v North Ave. Dev. Corp. (42 NY2d 482), the Court of Appeals held that a supplier of services would hot be held to have impliedly warranted against economic loss stemming from nonnegligent performance. The supplier could on the other hand contractually bind itself to produce perfect results. To the extent that the second, third, seventh and eighth causes of action are based on implied warranty the motion to dismiss is granted; to the extent they are based on express warranty, it is denied.
The fifth and ninth causes of action are based on strict liability. But “[virtually all efforts to extend strict tort *557 liability to transactions in which service predominates have been unequivocally rebuffed in this State as well as in other jurisdictions.” (Held v 7-Eleven Food Store, 108 Misc 2d 754, 755 [see cases cited therein].) Defendants were providing a service. Accordingly, the motion is granted as to these causes of action.