I concur in the result. I agree that the opinion of the Court sets out and applies the general conflict of laws rule of this State: The applicable law is the law of the state where the injury occurred. We have not adopted the "significant interests" rule; nor do I contend for the adoption of this minority view. See Harris Corp. v. Comair, Inc., 712 F.2d 1069
(6th Cir. 1983), and Employers Liability Corp. v. Webb, 283 Ky. 115, 140 S.W.2d 825 (1940).
In concluding that the injured employee is barred, under Kentucky law, from proceeding in his third-party claim against co-employees, I would address his argument that Alabama's workmen's compensation law, and not Kentucky's workmen's compensation law, should govern. I would agree with this conclusion, if his argument were based on the factual premise that the injured employee had elected to pursue his remedy under the Alabama Workmen's Compensation Act (§ 25-5-35) as opposed to the Kentucky Workmen's Compensation Act. An exception to the general conflict of laws rules is applicable in a workmen's compensation context, but only if the injured employee invokes that exception by his election to accept his benefits under the workmen's compensation act of his state of employment and not of the state where his injury occurred.[1] SeeElston v. Industrial Lift Truck Co., 420 Pa. 97, 216 A.2d 318
(1966). If the instant employee elects to accept payments pursuant to Kentucky's Workmen's Compensation Act, he takes the entire Act, its limitations and restrictions, as well as its benefits. Lewis v. American Family Insurance Group,555 S.W.2d 579 (Ky. 1977).
My diligent search of the record fails to disclose any allegations or proof that the employee pursued, or is pursuing, his workmen's compensation claim under the Alabama Act. Absent the employee's compliance with this affirmative burden, the trial court did not err in applying the immunity provisions of Kentucky's Workmen's Compensation Act. See, also, Code 1975, §25-5-35 (f).
[1] It should be noted that this exception, if invoked, is not all inclusive. The tort law of Kentucky would still govern the third-party action.