DUGGAN, District Judge,
dissenting.
I respectfully dissent. Plaintiffs claim that sometime in the mid-1980’s, Lambert, acting as an agent for defendant, embezzled approximately 1.1 Million Dollars from plaintiffs. In December, 1986, Lambert paid plaintiffs the sum of $243,201.73. In March, 1987, Lambert filed a bankruptcy petition, and the bankruptcy court ultimately determined that the payment in December was a “preferential payment.” On April 14, 1989, the trustee brought suit against plaintiffs seeking recovery of the money. Plaintiffs returned $212,-744.45[1] to the bankruptcy estate on or about July 1, 1994. In October, 1994, plaintiffs brought this action seeking indemnification from defendant for the money it was required to pay to the bankruptcy trustee.
Plaintiffs’ complaint asserts that defendant is liable because its negligent supervision of Lambert in the 1970’s and 1980’s resulted in a loss to plaintiffs and caused plaintiffs to return $212,744.45 to the trustee on July 1, 1994.
Plaintiffs may well have had a cause of action against defendant for any loss it suffered in the mid-1980’s as a result of the “negligent supervision” of Lambert by defendant, but such claim is not one for indemnification.
As the district court stated:
[a]t first glance it appears that the logical cause of action available to the Plaintiffs would be a straight tort action against Defendant for the embezzlement of funds by Defendant’s employee Lambert based on a theory of respondeat superior. However, the Plaintiffs frame their Complaint as an action sounding in indemnity. The Court is left to conclude that this is because any direct cause of action against Defendant for Lambert’s conduct is no longer available to the Plaintiffs under the applicable statute of limitations.
(Order of 3/31/95, J.A. at 56.)
In order for defendant to be obligated to plaintiffs on a theory of indemnification, plaintiffs must establish that plaintiffs discharged a duty to a third party that both plaintiffs and defendant owed to such third party, but, as between them, the obligation should have been discharged by defendant. Harris Corp. v. Comair, Inc., 510 F.Supp. 1168, 1173-74 (E.D.Ky.1981), affirmed, 712 F.2d 1069 (6th Cir.1983).
Moreover, “[f]or indemnity to arise, the obligation discharged by the indemnitee must *403 be coextensive or identical with that owed by the indemnitor.” Id. at 1174, see also Id. at n. 26 on 1174 (cases cited); accord American Mutual Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 508-09, 122 N.W.2d 178, 182 (Minn.1963); 42 C.J.S. Indemnity § 3 at 75 (1991).
The majority, relying on the paragraph quoted from § 76 of the Restatement of Restitution, concludes that plaintiff is entitled to indemnity.
However, the comment to § 76 states:
b. Situations to which the rule applies. The rule stated in this Section applies where two or more persons are subject to a duty to a third person either as joint promissors or otherwise, under such circumstances that one or more of them, as between themselves, should perform it rather than the other.
[[Image here]]
... [Tjhere is no such duty of indemnity unless the payment discharges the primary obligor from an existing duty (§ 78)....
Restatement of Restitution § 76 cmt. b (1937).
Indemnity is available only if the indemni-tee discharges a duty owed by the indemnitor, see Crab Orchard Improvement Co. v. Chesapeake & Ohio Ry. Co., 115 F.2d 277, 281, 282 (4th Cir.1940), cert. denied, 312 U.S. 702, 61 S.Ct. 807, 85 L.Ed. 1135 (1941), and if a benefit was conferred upon the indemnitor. Id. at 282. The indemnity doctrine is grounded on the concept of unjust enrichment. See George E. Palmer, The Law of Restitution § 1.5(d) at 29-32 (1978); see also Harris Corp., 510 F.Supp. at 1174, 42 C.J.S. Indemnity § 3 at 74.
Plaintiffs’ complaint in this action says, in relevant part, “[b]y virtue of ... the primary negligence and/or malfeasance of the Defendant ... [in] employing ... Lambert ... and [in] failing to properly supervise ... Lambert ... Western Reserve should be required and compelled to indemnify ... Plaintiffs.” (Compl. ¶ 19, J.A. at 14.)
Plaintiffs’ complaint does not allege that plaintiffs discharged any duty owed by defendant when they paid the sum of $212,744.45 to the bankruptcy estate (because, in fact, defendant owed no duty to the bankruptcy estate); nor do plaintiffs allege that defendant was “unjustly enriched” by such payment.
The majority opinion states that since plaintiffs were repaid the embezzled money in 1986, “it had no claim at that time against the employer because the injury had been cured by the employee’s repayment of the embezzled funds.” While this fact may affect whether any claim plaintiffs might have for breach of contract or tort is barred by the statute of limitations, it does not, in my opinion, create a cause of action for indemnity.
Plaintiffs have therefore failed to state a claim for indemnity under Kentucky law, and I would affirm the decision of the district court.

. It is unclear why plaintiffs returned only $212,-744.45 to the bankruptcy estate.