107 F.3d 400
 JOHNSON'S DAIRY, INC., and James Johnson and John Johnson,
Successor Co-Trustees of Johnson's Dairy, Inc.,
Defined Benefit Pension Plan and Trust,
Plaintiffs-Appellants,
v.
WESTERN RESERVE LIFE ASSURANCE COMPANY OF OHIO, Defendant-Appellee.
 No. 95-5984.
 United States Court of Appeals,
Sixth Circuit.
 Argued June 7, 1996.
Decided Feb. 20, 1997.
 
 Michael K. Lett (argued and briefed), Gray, Woods & Cooper, Ashland, KY, for Plaintiffs-Appellants.
 Robert W. Griffith (argued), Michael I. Kanovitz (briefed), Stites & Harbison, Louisville, KY, for Defendant-Appellee.
 Before: MERRITT and COLE, Circuit Judges; DUGGAN, District Judge.*
 MERRITT, J., delivered the opinion of the court, in which COLE, J., joined. DUGGAN, D.J. (pp. 402-03), delivered a separate dissenting opinion.
 MERRITT, Circuit Judge.
 
 
 1
 According to the complaint in this case, dismissed by the court below for failure to state a claim under Rule 12(b)(6), Johnson's Dairy hired Western Reserve Life to manage its pension funds. An agent of Western Reserve, one David Lambert, was the person assigned to the account. Lambert embezzled money, including most of Johnson's Dairy's pension funds. In 1986, Lambert paid back $243,201.73, which was a large portion of the embezzled money. After that payment, Lambert declared bankruptcy. The payment to Johnson's Dairy was determined to be a "preferential payment" by the Bankruptcy Court in 1994, and the Dairy was required to repay the embezzled money to the Trustee. The Dairy is now seeking reimbursement for this payment from Western Reserve Life which was jointly liable with Lambert for Lambert's defalcation. It argues that it is entitled in restitution to repayment of the money paid to the Bankruptcy Trustee as indemnity.
 
 
 2
 The Restatement of Restitution provides: "A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct." RESTATEMENT OF RESTITUTION § 76 (1937) (General Rule). This indemnity principle clearly applies in the instant case. The Dairy, which was not at fault, paid the Bankruptcy Trustee the amount demanded because of the fault of the agent of Western Reserve, according to the complaint. It is elementary that under general agency and tort law, Western Reserve is liable to the Dairy for the torts of its agent, Lambert, in the scope of employment. But for embezzlement of Western Reserve's agent, there would have been no loss and no preferential payment in Bankruptcy, and the Dairy, an innocent party, would not have been required to make the repayment. Since the Dairy did not know that it would have to refund the payment to the Trustee until 1994, it did not know that it had a cause of action until that time. Since the Dairy was repaid $243,000 of the embezzled money by Lambert in 1986, it had no claim at that time against the employer because the injury had been cured by Lambert's repayment of the embezzled funds. The Dairy had possession of the money until 1994, when the Bankruptcy Court ordered the Dairy to repay the money to the Trustee.
 
 
 3
 The case law in Kentucky does not address the specific issue in this case, and there is no precedent from a Kentucky court which we find helpful on this issue. But we have no reason to believe that Kentucky would not apply well-established general principles of restitution in indemnity cases, as found in RESTATEMENT OF RESTITUTION § 76 (1937). The Dairy has discharged a duty cured in reality by Western Reserve. As between the Dairy and Western Reserve, in light of Western Reserve's legal obligation to reimburse the Dairy for the loss of its pension funds due to the embezzlement by Lambert, Western's employee, Western Reserve must compensate the Dairy for its payment of the bankruptcy preference, assuming that the facts are as set out in the complaint summarized above. To require the loss to lie with the Dairy is unjust and violates principles of indemnity declared in the law of restitution and unjustly enriches the insurance company at the expense of the Dairy and its pensioners.
 
 
 4
 The judgment of the District Court dismissing the complaint is reversed and the case remanded for trial on the merits.
 
 
 5
 DUGGAN, District Judge, dissenting.
 
 
 6
 I respectfully dissent. Plaintiffs claim that sometime in the mid-1980's, Lambert, acting as an agent for defendant, embezzled approximately 1.1 Million Dollars from plaintiffs. In December, 1986, Lambert paid plaintiffs the sum of $243,201.73. In March, 1987, Lambert filed a bankruptcy petition, and the bankruptcy court ultimately determined that the payment in December was a "preferential payment." On April 14, 1989, the trustee brought suit against plaintiffs seeking recovery of the money. Plaintiffs returned $212,744.45[1] to the bankruptcy estate on or about July 1, 1994. In October, 1994, plaintiffs brought this action seeking indemnification from defendant for the money it was required to pay to the bankruptcy trustee.
 
 
 7
 Plaintiffs' complaint asserts that defendant is liable because its negligent supervision of Lambert in the 1970's and 1980's resulted in a loss to plaintiffs and caused plaintiffs to return $212,744.45 to the trustee on July 1, 1994.
 
 
 8
 Plaintiffs may well have had a cause of action against defendant for any loss it suffered in the mid-1980's as a result of the "negligent supervision" of Lambert by defendant, but such claim is not one for indemnification.
 
 As the district court stated:
 
 9
 [a]t first glance it appears that the logical cause of action available to the Plaintiffs would be a straight tort action against Defendant for the embezzlement of funds by Defendant's employee Lambert based on a theory of respondeat superior. However, the Plaintiffs frame their Complaint as an action sounding in indemnity. The Court is left to conclude that this is because any direct cause of action against Defendant for Lambert's conduct is no longer available to the Plaintiffs under the applicable statute of limitations.
 
 
 10
 (Order of 3/31/95, J.A. at 56.)
 
 
 11
 In order for defendant to be obligated to plaintiffs on a theory of indemnification, plaintiffs must establish that plaintiffs discharged a duty to a third party that both plaintiffs and defendant owed to such third party, but, as between them, the obligation should have been discharged by defendant. Harris Corp. v. Comair, Inc., 510 F.Supp. 1168, 1173-74 (E.D.Ky.1981), affirmed, 712 F.2d 1069 (6th Cir.1983).
 
 
 12
 Moreover, "[f]or indemnity to arise, the obligation discharged by the indemnitee must be coextensive or identical with that owed by the indemnitor." Id. at 1174, see also Id. at n. 26 on 1174 (cases cited); accord American Mutual Liability Ins. Co. v. Reed Cleaners, 265 Minn. 503, 508-09, 122 N.W.2d 178, 182 (Minn.1963); 42 C.J.S. Indemnity § 3 at 75 (1991).
 
 
 13
 The majority, relying on the paragraph quoted from § 76 of the Restatement of Restitution, concludes that plaintiff is entitled to indemnity.
 
 However, the comment to § 76 states:
 
 14
 b. Situations to which the rule applies. The rule stated in this Section applies where two or more persons are subject to a duty to a third person either as joint promissors or otherwise, under such circumstances that one or more of them, as between themselves, should perform it rather than the other.
 
 
 15
 ....
 
 
 16
 ... [T]here is no such duty of indemnity unless the payment discharges the primary obligor from an existing duty (§ 78)....
 
 
 17
 Restatement of Restitution § 76 cmt. b (1937).
 
 
 18
 Indemnity is available only if the indemnitee discharges a duty owed by the indemnitor, see Crab Orchard Improvement Co. v. Chesapeake & Ohio Ry. Co., 115 F.2d 277, 281, 282 (4th Cir.1940), cert. denied, 312 U.S. 702, 61 S.Ct. 807, 85 L.Ed. 1135 (1941), and if a benefit was conferred upon the indemnitor. Id. at 282. The indemnity doctrine is grounded on the concept of unjust enrichment. See George E. Palmer, The Law of Restitution § 1.5(d) at 29-32 (1978); see also Harris Corp., 510 F.Supp. at 1174, 42 C.J.S. Indemnity § 3 at 74.
 
 
 19
 Plaintiffs' complaint in this action says, in relevant part, "[b]y virtue of ... the primary negligence and/or malfeasance of the Defendant ... [in] employing ... Lambert ... and [in] failing to properly supervise ... Lambert ... Western Reserve should be required and compelled to indemnify ... Plaintiffs." (Compl. p 19, J.A. at 14.)
 
 
 20
 Plaintiffs' complaint does not allege that plaintiffs discharged any duty owed by defendant when they paid the sum of $212,744.45 to the bankruptcy estate (because, in fact, defendant owed no duty to the bankruptcy estate); nor do plaintiffs allege that defendant was "unjustly enriched" by such payment.
 
 
 21
 The majority opinion states that since plaintiffs were repaid the embezzled money in 1986, "it had no claim at that time against the employer because the injury had been cured by the employee's repayment of the embezzled funds." While this fact may affect whether any claim plaintiffs might have for breach of contract or tort is barred by the statute of limitations, it does not, in my opinion, create a cause of action for indemnity.
 
 
 22
 Plaintiffs have therefore failed to state a claim for indemnity under Kentucky law, and I would affirm the decision of the district court.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 It is unclear why plaintiffs returned only $212,744.45 to the bankruptcy estate