MERRITT, J., delivered the opinion of the court, in which COLE, J., joined. DUGGAN, D.J. (pp. 402-03), dehvered a separate dissenting opinion.
MERRITT, Circuit Judge.
According to the complaint in this case, dismissed by the court below for failure to state a claim under Rule 12(b)(6), Johnson’s Dairy hired Western Reserve Life to manage its pension funds. An agent of Western Reserve, one David Lambert, was the person assigned to the account. Lambert embezzled money, including most of Johnson’s Dairy’s pension funds. In 1986, Lambert paid back $243,201.73, which was a large portion of the embezzled money. After that payment, Lambert declared bankruptcy. The payment to Johnson’s Dairy was determined to be a “preferential payment” by the Bankruptcy Court in 1994, and the Dairy was required to repay the embezzled money to the Trustee. The Dairy is now seeking reimbursement for this payment from Western Reserve Life which was jointly liable with Lambert for Lambert’s defalcation. It argues that it is entitled in restitution to repayment of the money paid to the Bankruptcy Trustee as indemnity.
The Restatement of Restitution provides: “A person who, in whole or in part, has discharged a duty which is owed by him but which as between himself and another should have been discharged by the other, is entitled to indemnity from the other, unless the payor is barred by the wrongful nature of his conduct.” Restatement of Restitution § 76 (1937) (General Rule). This indemnity principle clearly applies in the instant case. The Dairy, which was not at fault, paid the Bankruptcy Trustee the amount demanded because of the fault of the agent of Western Reserve, according to the complaint. It is elementary that under general agency and tort law, Western Reserve is hable to the Dairy for the torts of its agent, Lambert, in the scope of employment. But for embezzlement of Western Reserve’s agent, there would have been no loss and no preferential *402 payment in Bankruptcy, and the Dairy, an innocent party, would not have been required to make the repayment. Since the Dahy did not know that it would have to refund the payment to the Trustee until 1994, it did not know that it had a cause of action until that time. Since the Dairy was repaid $243,000 of the embezzled money by Lambert in 1986, it had no claim at that time against the employer because the injury had been cured by Lambert’s repayment of the embezzled funds. The Dairy had possession of the money until 1994, when the Bankruptcy Court ordered the Dairy to repay the money to the Trustee.
The case law in Kentucky does not address the specific issue in this case, and there is no precedent from a Kentucky court which we find helpful on this issue. But we have no reason to believe that Kentucky would not apply well-established general principles of restitution in indemnity cases, as found in Restatement of Restitution § 76 (1937): The Dairy has discharged a duty cured in reality by Western Reserve. As between the Dairy and Western Reserve, in light of Western Reserve’s legal obligation to reimburse the Dairy for the loss of its pension funds due to the embezzlement by Lambert, Western’s employee, Western Reserve must compensate the Dairy for its payment of the bankruptcy preference, assuming that the facts are as set out in the complaint summarized above. To require the loss to lie with the Dairy is unjust and violates principles of indemnity declared in the law of restitution and unjustly enriches the insurance company at the expense of the Dairy and its pensioners.
The judgment of the District Court dismissing the complaint is reversed and the case remanded for trial on the merits.